Sylvester **HOWARD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 15449.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 17, 1960.

Decided May 5, 1960.

Mr. John Paul Sullivan, with whom Mr. William H. Borghesani, Jr., Washington, D. C., (both appointed by this court) was on the brief, for appellant.

Mr. William W. Greenhalgh, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

BAZELON, Circuit Judge.

The record on this appeal from a conviction for violations of the narcotics laws reflects palpable error which seriously obstructed the defense and therefore requires a new trial.

The indictment was based upon two alleged sales of heroin to Officer Troublefield of the Metropolitan Police Department. At trial, Troublefield testified that the second transaction took place at approximately *11:45 p. m.*, on May 28, 1958. Appellant's counsel attempted to impeach this testimony by showing that, when the officer appeared before the United States commissioner at the preliminary hearing to establish probable cause to hold appellant for the grand jury, he testified that the May 28 transaction took place at *1:45 p. m.* For that purpose, appellant's counsel sought (1) to introduce into evidence the United States commissioner's report which disclosed this information and which had been filed with the clerk of the District Court as required by Rule 5(c), Fed.R.Crim.P., 18 U.S.C.A., and (2) to require the Government to produce a report Officer Troublefield had written and submitted to his superiors the day following the alleged transaction. The court erroneously denied both items.[1]

1. Appellant's principal purpose in seeking to introduce the commissioner's report was not to prove that the transaction took place at 1:45 p.m., instead of 11:45 p.m. Rather, he sought to impeach Officer Troublefield's testimony by showing the inconsistency and thus raising doubts as to the truthfulness of both statements. See McCormick, Evidence 63 (1954); 3 Wigmore, Evidence § 1017 (3d ed. 1940).

■■ The court nevertheless excluded the document on the sole ground that it "was merely a synopsis written by a clerk for which this witness has no responsibility." This, of course, is irrelevant. The fact that a witness made a prior inconsistent statement can be proved by other witnesses, as well as by his own testimony. McCormick, Evidence 63 (1954).

■ The relevant question is whether the commissioner's report is admissible without opportunity to cross-examine him or whoever prepared the report for him. Clearly it is. According to a well established exception to the hearsay rule:

All documents prepared by public officials pursuant to a duty imposed by law or required by the nature of their offices are admissible as proof

---

1. Appellant also complains about the court's refusal to order production of a police progress report allegedly summarizing Troublefield's own report. Appellant contends that Troublefield "adopted" the report and that it was therefore subject to production under the Jencks Statute as "a written statement made by said witness and signed or otherwise adopted or approved by him." 71 Stat. 595 (1957), 18 U.S.C. § 3500(e) (1) (1958). But the present record is ambiguous on whether he adopted it. Since we hold the officer's own statement admissible, there may be no occasion in any new trial to consider questions relating to the progress report. We therefore refrain from considering this question.

of the facts stated therein. \* \* \* The reason of the rule is that it would be burdensome and inconvenient to call public officials to appear in the myriad cases in which their testimony might be required in a court of law, and that records and reports prepared by such officials in the course of their duties are generally trustworthy. [Olender v. United States, 9 Cir., 1954, 210 F.2d 795, 801, 42 A.L.R.2d 736 (collecting cases).]

This exception applies where, as here, (1) the facts stated in the document are within the personal knowledge and observation of the recording official;[2] and (2) the document is prepared pursuant to a duty imposed by law or implied by the nature of the office.[3]

■ 2. Officer Troublefield testified that the day after the second transaction, he prepared a report for his superiors and that he had a copy of this report at home. The Government con-

cedes, as it must, that under the so-called "Jencks Statute" it was required to produce this report on demand.[4] Its sole contention is that appellant's counsel failed to make the requisite demand.[5] This contention is conclusively refuted by the record, which clearly shows that no ritual of words could have made it any plainer that the defense wanted to see the officer's report.[6] Moreover, the court's hostility toward this entire line of questioning emphasized the futility of efforts to further pursue the matter.

These errors not only prevented impeachment of the prosecution's witness but also thwarted appellant's efforts to establish the basis for an alibi defense. As the Government's brief states:

> Unquestionably had the fact been ascertained that 1:45 p.m. was correct, it would not only have impunged [sic] the credibility of the witness, Troublefield, but also lent considerable weight to the testimony of the sole defense witness, Demas, that appellant was working at that time.

2. Olender v. United States, supra; Vanadium Corporation v. Fidelity & Deposit Co., 2 Cir., 1947, 159 F.2d 105, 109; and see 28 U.S.C. § 1733(a) (1958).

The report stated that: "Witness Troublefield testified that on May 28, 195 [sic] about 1:45 p. m. \* \* \*." Thus the fact that Troublefield so testified—the only relevant fact for purposes of impeachment—was within the commissioner's knowledge and observation.

3. United States v. Grayson, 2 Cir., 1948, 166 F.2d 863, 868; 5 Wigmore, Evidence § 1633 (3d ed. 1940).

There is clearly a duty upon the commissioner to receive and make a summary of a witness' testimony. Aside from the fact that the nature of his office requires the maintenance of accurate records in criminal cases, Rule 55, Fed. R.Crim.P., provides that "each United States commissioner shall keep such records in criminal proceedings as the Director of the Administrative Office of the United States Courts, with the approval of the Judical Conference of the United States, may prescribe." Pursuant to this authority, the Director of the Administrative Office has devised a "Record of Proceedings in Criminal Cases," known as "Form A–100." This form, which the commissioner filed with the clerk of the

District Court in this case pursuant to Rule 5(c), Fed.R.Crim.P., contains a summary of the testimony presented at the preliminary hearing.

4. The statute provides in pertinent part: "After a witness called by the United States has testified on direct examination, the court shall, *on motion of the defendant*, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. \* \* \*" [18 U.S.C. § 3500 (b) (1958), emphasis supplied.]

Subsection "e" defining the term "any statement" is quoted, in part, at note 1, supra.

5. See italicized portion of statute quoted at note 4, supra.

6. "Q [by Defense Attorney]. But you do have the statement and it is home. Is that correct? A. [Officer Troublefield] That is correct.

\* \* \* \* \*

"[Q.] May I see it?

"[Assistant U. S. Attorney]. He is not entitled to look at this police report, Your Honor. I object to it. He knows better.

"The Court. Sustained."

■ However regrettable, it is at least understandable that the bustle and heat of trial may sometimes generate seriously prejudicial error. But defense of such error, after opportunity for objective consideration of the trial record, is another matter. It is particularly unfortunate here in light of the information contained in Officer Troublefield's report which the Government filed in this court after oral argument. The report discloses that Officer Troublefield went off duty at 11:30 p.m.—fifteen minutes before the transaction took place according to his testimony at trial!

Reversed and remanded.

BASTIAN, Circuit Judge, concurs in the result but not in the opinion.