**Woodruff PELLOM, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16947.**

United States Court of Appeals Eighth Circuit.

June 8, 1962.

Rehearing Denied June 28, 1962.

Woodruff Pellom, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Clifford M. Spottsville, Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HENLEY, District Judge.

HENLEY, District Judge.

This is an appeal from an order of the District Court entered on November 20, 1961, denying without a hearing a number of motions filed by appellant earlier in that year attacking a judgment of the trial court entered on May 20, 1955, under the terms of which judgment appellant received consecutive sentences of imprisonment aggregating thirty years following his plea of guilty to a multi-count indictment charging him with violations of certain of the narcotics laws of the United States.

On May 4, 1955, appellant and others were indicted for conspiracy to violate the narcotics laws and for certain substantive violations of those laws. The indictment was in ten counts, in the first seven of which appellant was named as a defendant.

Appellant was arraigned originally on May 6, 1955, at which time he was represented by counsel. At that time appellant pleaded not guilty to all of the counts in which he was named as a defendant. On May 20, 1955, appellant, still represented by counsel, withdrew his former plea of not guilty and entered a plea of guilty to counts two, three, four, five, six, and seven, each of which counts charged a substantive violation. The conspiracy count was dismissed.

Following the entry and acceptance of the plea of guilty, the United States Attorney, acting pursuant to 26 U.S.C.A. §

7237, filed an information charging that appellant was a prior offender under the narcotics laws having received a sentence in 1945 for violation of the Harrison Narcotics Act. Appellant did not traverse the allegations contained in the information.

The information having been filed, the District Court (Judge Ridge) imposed a sentence of five years on each of the counts to which appellant had pleaded guilty, the sentences to run consecutively.

In November 1955, appellant, proceeding under 28 U.S.C.A. § 2255, filed a motion attacking certain portions of his sentence. The basis of the attack was the claim that some of the counts of the indictment duplicated other counts, and that in those circumstances the imposition of cumulative sentences constituted double jeopardy and was violative of the Fifth Amendment to the Constitution of the United States.

On February 15, 1956, the sentencing judge filed a memorandum opinion (not published) in which appellant's contentions were discussed and found to be without merit. Appellant's motion was denied, and no appeal was taken from the order of denial.

In the fall of 1961 appellant filed in the District Court a series of pleadings which may properly be considered collectively as a second application for relief under section 2255.[1] Those pleadings in substance reiterated the contentions advanced in the 1955 motion. In addition, appellant alleged that "the prosecutor did knowingly and wilfully falsify by a scheme a material fact, in violation of Title 18, U.S.C.A., Section 1001 and 2071," and that "Petitioner was tricked and deceived by his attorney, as he thought he was pleading to conspiracy and not to substadive (sic) offense, accordingly the judgment is void."

The 1961 application was considered by the late Judge Smith. In his memorandum opinion denying the application Judge Smith wrote:

"The relief sought by this series of applications is substantially identical with the relief sought in November, 1955, when petitioner filed his motion to vacate sentence pursuant to Section 2255, Title 28, U.S.C.A.

"On February 15, 1956, in a lengthy memorandum opinion by Judge Ridge, the issues presented by that application were overruled.

"We cannot consider matters previously ruled simply by substitution of a new title for the pleadings. No basis for relief was stated in the original motion, nor is there a basis for relief stated in this application.

"Since no new matter is presented for consideration by the Court, the various applications and motions under consideration here are overruled and are dismissed."

 Bearing in mind the allegations in appellant's 1961 application heretofore quoted, the final paragraph of the District Court's memorandum is not, if read alone and out of context, strictly accurate. However, when the opinion of the District Court is read as a whole it indicates simply that the District Court felt that the 1961 application contained no new matter of substance which would entitle appellant to a hearing or to relief. We agree with the District Court.

 The claim that the United States Attorney knowingly used false materials in connection with appellant's case is legally frivolous. The overall record before us indicates that the claim in question relates to the information filed by the United States Attorney which advised the District Court that appellant had a prior record of conviction under the narcotics laws. As stated, appellant did not traverse that information in the District Court, as he had a right to do, and he cannot be heard at this time and in this

---

1. The basic pleading filed by appellant was denominated an application for a writ of error coram nobis or coram vobis. It was supplemented by other motions and briefs.

proceeding to contend that the information was false.

The contention that appellant was "tricked and deceived" by his attorney, and that appellant pleaded guilty to six substantive counts under the impression that he was pleading guilty to a single count charging conspiracy justifiably may have been considered by the District Court to be plainly insubstantial. It is not clear that the allegation in question is anything more than a phase or variant of his basic contention that certain counts were duplicates of others. But, if it be assumed that the grounds for relief now urged are new in part, they were known to petitioner when he filed his 1955 motion and are not such as to impel us to say in present context that the District Court erred in refusing to grant a hearing on those grounds although, of course, it was free to do so. Cf. Lipscomb v. United States, 8 Cir., 298 F.2d 9.

The judgment of the District Court is affirmed.