**Johnny E. HARRISON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17572.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 28, 1963.

Decided March 28, 1963.

Petition for Rehearing En Banc
Denied July 9, 1963.

Mr. Leonard H. Marks, Washington, D. C., with whom Mr. Martin Jay Gaynes, Washington, D. C., (both appointed by this court), was on the brief, for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the pleadings, for appellee.

Before EDGERTON, FAHY, and DANAHER, Circuit Judges.

PER CURIAM.

This is an appeal from convictions of housebreaking and petit larceny. D.C. Code §§ 22–1801, 22–2202. The question is whether in the circumstances of this case it was reversible error by reason of the Jencks Act, 18 U.S.C. § 3500, for the District Court to fail to inspect certain notes made by the Assistant United States Attorney during an interview with a government witness.

In cross-examination appellant's counsel, not his present counsel, showed some

---

interest in seeing the prosecutor's notes. The prosecutor said, "I made certain notes, Your Honor, but I did not read them back." This colloquy followed:

"THE COURT: But you did not make [take?] a detailed statement?

"MR. MURPHY [the prosecutor]: No, Your Honor. I have the notes right here, if you want to examine them.

"THE COURT: I do not want to examine them. Do you want to examine them, Mr. Garbis?

"MR. GARBIS [appellant's counsel]: No, Mr. Murphy's word is good enough for me, Your Honor.

"THE COURT: All right."

Since appellant abandoned his previous suggestion that he would like to see the notes, and did not ask the court to examine them, the court was under no obligation to do so. United States v. Annunziato, 293 F.2d 373, 382 (2d Cir. 1961), cert. denied, 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 134 (1961); United States v. Farley, 292 F.2d 789, 792 (2d Cir. 1961), cert. denied, 369 U.S. 857, 82 S.Ct. 937, 8 L.Ed.2d 15 (1962); Ogden v. United States, 303 F.2d 724, 736 (9th Cir. 1962). Cf. Scales v. United States, 367 U.S. 203, 258, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1961); Saunders v. United States, 114 U.S.App.D.C. 345, 316 F.2d 346; Hilliard v. United States, 115 U.S.App.D.C. ——, 317 F.2d 150. 18 U.S.C. § 3500(b) provides: "After a witness called by the United States has testified on direct examination, the court shall, *on motion of the defendant*, order the United States to produce any statement (as hereinafter defined) * * *." (Emphasis added.) We do not reach the question whether the prosecutor's notes were a "statement" within the meaning of 18 U.S.C. § 3500.

Counsel we appointed argue that because this case involves a key witness no motion or demand was necessary. In the circumstances above set forth we cannot agree.

Affirmed.