Woodruff **PELLOM**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17361.

United States Court of Appeals
Eighth Circuit.

Sept. 3, 1963.

Rehearing Denied Sept. 20, 1963.

Before JOHNSEN, Chief Judge, and
MATTHES, Circuit Judge.

PER CURIAM.

Appellant has made payment of the docketing fee here in an attempt to have reviewed the District Court's denial of a motion by him under Rule 35 Fed. Rules of Crim. Proced., 18 U.S.C.A., to "correct an illegal sentence".

The claim made in his motion was that the imposing of cumulative sentences upon him for violations of 21 U.S.C. § 174, 26 U.S.C. § 4705(a) and 26 U.S.C. § 4704(a) was invalid because the same item of narcotic drugs was involved in the three charges.

The offense charged under § 174 was his fraudulently facilitating the transportation, concealment and sale of the narcotics, "knowing the same to have been imported into the United States * * * contrary to law". The offense charged under § 4705(a) was sale by him of the narcotics, not "in pursuance of a written order of the person to whom sold, on a form issued in blank for that purpose by the Secretary of the Treasury". The offense charged under § 4704 (a) was his purchase of the narcotics, not "in the original stamped package or from the original stamped package".

The identical sections of the Narcotic Drugs Import and Export Act and the Internal Revenue Code, and the same question which appellant raises, were involved in Gore v. United States, 357 U. S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, where it was held that the three statutory sections created different offenses; that separate punishment was entitled to be imposed for violation of each of these regulatory provisions; and that the fact that the same item of narcotic drugs was involved in the violations charged therefore did not give rise to double jeopardy. See also Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597; Williams v. United States, 8 Cir., 292 F.2d 157.

Thus, appellant's motion and his attempt to appeal from its denial are plainly frivolous. Indeed, he has previously had two express rulings that his contention is without basis for relief, on mo-

tions made by him in 1955 and 1961 for vacation of sentence under 28 U.S.C.A. § 2255. The denial of the latter of these motions was before us and was upheld on an appeal taken by him in Pellom v. United States, 8 Cir., 304 F.2d 447.

The appeal will accordingly be dismissed as frivolous.

Appeal dismissed.