Woodruff PELLOM, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17567.

United States Court of Appeals
Eighth Circuit.

June 30, 1964.

Woodruff Pellom, pro se.

F. Russell Millin, U. S. Atty., and Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

Defendant Pellom has appealed from final order denying his 28 U.S.C.A. § 2255 motion to vacate sentence.[1] The present motion filed November 22, 1963, is de-

fendant's fourth motion collaterally attacking his conviction.[2]

The present motion attacks the conviction upon different grounds than urged in the prior motions. After considering the present motion on its merits, the court determined that the defendant was entitled to no relief under either Rule 35 or 28 U.S.C.A. § 2255 and denied the motion. This appeal followed.

Defendant, represented by counsel of his own choosing, entered a voluntary plea of guilty to counts two to seven, inclusive, of an indictment against him. Count one was dismissed. His plea of guilty was accepted by the court. On May 20, 1955, defendant was sentenced to a term of five years upon each of the six counts upon which he stood convicted, the sentences to run consecutively. He took no appeal. Defendant here makes no attack upon his conviction and sentence with respect to counts four and seven of the indictment and hence no discussion of such counts is required.

Defendant attacks his conviction on counts three and six, which charged sales of narcotics in violation of 26 U.S.C.A. § 4705(a), upon the grounds that such counts are fatally defective in that they failed to name the purchaser of the narcotics. Section 4705(a) reads:

"General requirement.—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

We have repeatedly held that the failure to name the purchaser of narcotics in an indictment is not a fatal defect vulnerable to a § 2255 attack. Taylor v.

---

1. Defendant's motion asserts that it is filed pursuant to Rule 35, Fed.R.Crim.P. There is no question but what the sentence imposed is valid if the conviction is valid. Rule 35 does not apply. The court by treating the motion as a § 2255 motion reached defendant's contentions.

2. For a description of the offenses for which defendant was convicted and the prior motions filed, see Pellom v. United States, 8 Cir., 304 F.2d 447; Pellom v. United States, 8 Cir., 321 F.2d 646.

United States, 8 Cir., 332 F.2d 918; Adams v. United States, 8 Cir., 333 F.2d 766; Jackson v. United States, 8 Cir., 325 F.2d 477.

Defendant further contends that counts three and six are fatally defective in that they fail to state after the word "Secretary" the additional words of the statute above quoted "or his delegate." The trial court rejected such contention, stating:

"The failure to include 'or his delegate' is not fatal. The elements of the offense are set out in the indictment and the failure to include 'or his delegate' where it is set out that the sale was not made in pursuance of a written order on the form provided by the Secretary of the Treasury does not render the indictment defective."

We fully agree. Any form issued by an authorized delegate of the Secretary of the Treasury could properly be considered a form used by the Secretary.

With respect to counts two and five, the defendant contends such counts are fatally defective because they contain no allegation that the drugs were illegally imported into the United States. Each of said counts charges that the defendant did "unlawfully, wilfully, knowingly and fraudulently facilitate the transportation, concealment and sale of a narcotic drug [drug described], knowing the same to have been imported into the United States of America contrary to law, in violation of Section 174, Title 21, United States Code."

We agree with the trial court's determination that the indictment adequately charges the drugs were illegally imported. In United States v. Glass, 7 Cir., 277 F.2d 566, 568, an indictment substantially similar to the one before us is set out. The court, in rejecting defendant's contention that the indictment failed to charge unlawful transportation, states:

"As the Court said in Brown v. United States, 9 Cir., 1955, 222 F.2d 293, 296:

" 'In logic it would appear that if defendants knew the drugs were imported contrary to law, the fact that they actually were imported contrary to law is inherent therein.' "

The trial court properly denied defendant's motion.

Affirmed.