**Edward S. WILLIAMS, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4614.

District of Columbia Court of Appeals.

Argued Jan. 21, 1969.

Decided May 7, 1969.

Andrew P. Zimmer, Washington, D. C., for appellant.

John D. Aldock, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker, Daniel J. Givelber and William G. Reynolds, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

HOOD, Chief Judge:

■ Appellant was charged with and convicted of larceny from an interstate shipment.[1] At trial a baggage clerk for the Greyhound Bus Company testified that he observed appellant walk into the baggage area of the bus station which was restricted to employees, and he saw appellant remove a suitcase from that area. Appellant left the bus station with the suitcase and was soon thereafter arrested. At the time of arrest the suitcase still had a baggage check attached to it indicating that it was enroute from Pittsburgh, Pennsylvania, to Winston-Salem, North Carolina. We find sufficient evidence in the record to support appellant's conviction.

Appellant's main contention is that the trial court failed to order production of pre-trial statements of the Government's two witnesses as required by the Jencks Act.[2] At trial the court granted defense counsel's request for production of the statement of facts given by the bus company's baggage clerk, and the prosecutor indicated that he would get a copy of the statement from the

---

1. 18 U.S.C. § 659.

2. 18 U.S.C. § 3500.

police officer to give to defense counsel. There is nothing in the record to indicate that the statement was not produced, and we believe that it was incumbent upon defense counsel to inform the court if he was dissatisfied with the prosecutor's compliance with the court's order.

During cross-examination of the arresting officer the following colloquy occurred:

Defense Counsel: Now, isn't it common practice for you to take notes of what the complainants say to you when you go to these places?

A: Yes. We usually do it for our P. D. 111 Form.

Q: Did you do that at this time?

A: Yes; I did.

Q: You don't have those notes with you in Court?

A: No; I haven't.

Defense counsel then continued his cross-examination without requesting production of the P.D. 111.

 It is appellant's argument that the trial court erred in failing to make further inquiry and order production of the officer's written statement. We do not agree. The Jencks Act requires a defense counsel to properly apprise the court of his motion to produce.[3] If the statement was producible under the Act and was not immediately available, the trial court could have granted

a continuance or provided some alternate means for the defense to gain the benefit of the statute.[4] In the present case, however, defense counsel did not pursue his right of production. By continuing his cross-examination without the statement, defense counsel abandoned his prior suggestion that he desired production of the statement, and the trial court was under no obligation to take additional action.[5] Defense counsel did not fairly direct the attention of the trial court to his demand for production after the arresting officer testified, and appellant's claim of error is, therefore, foreclosed on appeal.[6]

Affirmed.

3. 18 U.S.C. § 3500(b) provides: "After a witness called by the United States has testified on direct examination, the court shall, *on motion of the defendant*, order the United States to produce any statement * * * of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." (Emphasis added.)
 *See* Lewis v. United States, 340 F.2d 678, 682 (8th Cir. 1965); Mims v. United States, 332 F.2d 944, 948–949 (10th Cir. 1964), cert. denied, 379 U.S. 888, 85 S.Ct. 158, 13 L.Ed.2d 92.

4. Williams v. District of Columbia, D.C. App., 227 A.2d 60, 62 (1967).

5. *See* Harrison v. United States, 115 U.S. App.D.C. 249, 250, 318 F.2d 220, 221 (1963), cert. denied, 377 U.S. 911, 84 S.Ct. 1174, 12 L.Ed.2d 181 (1964); United States v. Paroutian, 319 F.2d 661 (2nd Cir. 1963), cert. denied, 375 U.S. 981, 84 S.Ct. 494, 11 L.Ed.2d 426 (1964); Williams v. District of Columbia, *supra* n. 4.

6. *See* Lewis v. United States, *supra* n. 3; Ogden v. United States, 303 F.2d 724, 733 (9th Cir. 1962), cert. denied, 376 U.S. 973, 84 S.Ct. 1137, 12 L.Ed.2d 86 (1964).