**Michael HENLEY, Petitioner-Appellant,**

**v.**

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 29597.**

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1970.

Michael Henley, pro se.

Robert W. Rush, U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

 Michael Henley appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate judgment and sentence. We affirm.[1]

Henley was convicted of violations of 26 U.S.C. § 4704(a) and § 4705(a), which proscribe the sale of heroin not in the

---

1. It is appropriate to dispose of this pro se case summarily under this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

original stamped package and without the required order form. He was sentenced on March 29, 1968, to serve consecutive sentences of two years and five years.

In his § 2255 motion the appellant initially alleged that his indictment was constitutionally defective because of the ambiguous and arbitrary interrelationship of §§ 4704(a) and 4705(a), and 21 U.S.C. § 173, under which he states he was charged. This allegation is patently without merit as far as § 173 is concerned since the record discloses that the indictment charged the appellant only with offenses in violation of 26 U. S.C. § 4704(a) and § 4705(a). Moreover, the Supreme Court has recently upheld the constitutionality of those two statutes. Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610; Minor v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283.

The appellant's contention that he should not have received consecutive sentences under both § 4704(a) and § 4705(a) for his convictions stemming from only one act is, in substance, a claim that he has been subjected to double punishment for the same crime. We do not agree. Sections 4704(a) and 4705(a) created two distinct offenses for which separate punishments may be imposed, despite the fact that the charges are based on the same transaction. Pellom v. United States, 8 Cir. 1963, 321 F.2d 646. *See* United States v. Ewell, 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed. 2d 627; Gore v. United States, 1958, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405.

Henley contends also that he was indicted and convicted by juries which systematically excluded Negroes and Spanish-Americans. We must reject this argument. Since 1962 the method of selecting jurors in the Miami Division of the Southern District of Florida has been on a non-discriminatory basis. Stassi v. United States, 5 Cir. 1968, 401 F.2d 259, 264.

The final allegation which the appellant makes is that he was denied effective assistance of counsel at his trial. From our examination of the trial transcript, we conclude that the district court did not err in its finding that Henley's attorney "more than adequately conducted the defense"; that he rendered Henley the effective representation the law requires.

The judgment of the court below is affirmed.