UNITED STATES, Appellee,

v.

Private E–2 Raymond F. WHITE, 011–48–1091, United States Army, Appellant.

SPCM 22259.

U.S. Army Court of Military Review.

24 March 1987.

---

For Appellant: Captain William E. Slade, JAGC (argued); Lieutenant Colonel Joel D. Miller, JAGC, Captain Robert P. Morgan, JAGC, Captain Stewart C. Hudson, JAGC (on brief).

For Appellee: Captain Cynthia M. Brandon, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC (on brief).

Before RABY, WILLIAMS, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members on 18 November 1985. Contrary to his pleas, he was found guilty of five specifications of failure to repair, one specification of absence without leave, one specification of willful disobedience of a superior commissioned officer, and one specification of disobeying a noncommissioned officer, in violation of Articles 86, 90, and 91, of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, and 891 (1982), respectively. He was sentenced to a bad-conduct discharge, confinement for four months, forfeiture of $413.00 pay per month for four months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

Appellant asserts, *inter alia*, that the military judge erred by failing to adhere to the requirements of the Jencks Act and to strike the testimony of a government witness "following the failure of the government to produce the witness' statement." We disagree and affirm.

At trial a government witness, Staff Sergeant Turner, testified that he had used notes to assist him in remembering dates concerning the charges (fifteen different failures to repair on different dates), but that he no longer had the notes. Sergeant Turner believed he gave the notes to "legal." Trial defense counsel requested an Article 39(a), 10 U.S.C. § 839(a) session to discuss "possible Jencks Act motions, and so that we can have a discussion about the possible admission of the only statement I received on Sergeant Turner's testimony." After examination by the trial defense counsel, the trial counsel, and the military judge, the military judge ordered that testimony relating to six specific dates be stricken, and that the members would be instructed to disregard any such testimony. The military judge stated the basis for his ruling:

Now, apparently—what I'm ruling here is, apparently the witness is basically testifying not of his own personal knowl-

edge when he made this—when he made this testimony. He's testifying based upon a paper that he had read at one time. And the paper—basically, the paper he's read is not before the court. So that's why the testimony's incompetent, not because of any Jencks Acts [sic] of the government withholding the information from the defense counsel, or anything like that.

The trial defense counsel responded: "Yes, Your Honor, that's right. And at this point, that testimony being incompetent, should be removed from the record."

Previously, during the examination of the witness, the defense counsel responded to the military judge's inquiry as to the specific nature of the defense motion as follows: "I would request that the witness' testimony on all of the issues—incidents that he's indicated he's unable to come up with an independent recollection of, I'd request that the testimony be stricken, and that the panel be instructed to disregard." After the military judge ruled on the testimony he found to be based on SSG Turner's personal recollection and therefore admissible, the following colloquy occurred:

TC: The government is not going to try to refresh the witness' recollection with regard to the 20 August date, Your Honor.

MJ: And the defense, of course, is objecting, saying that none of these dates are competent testimony.

DC: That's correct, Your Honor.

The Jencks Act, 18 U.S.C. § 3500 (1982) [hereinafter the Act] requires the government, on defense motion, to produce any prior statement of the witness relating to the subject matter about which the witness has testified. The Act has, in substance, been incorporated into the Manual for Courts-Martial, 1984 [hereinafter cited as M.C.M.], as Rule for Courts-Martial 914 [hereinafter cited as R.C.M.]. Rule 914 provides, *inter alia*, that after a witness other than the accused has testified on direct examination, the military judge, on motion of a party who did not call the witness, shall order the party who called

the witness to produce *any statement* of the witness *that relates to the subject matter* concerning which the witness has testified. If the witness was called by the trial counsel, the statement must be in the possession of the United States. R.C.M. 914(a)(1). The Analysis of R.C.M. 914 clearly states that "It is a distinct rule from the rule [Mil.R.Evid. 612] requiring production for inspection by an opponent of memoranda used by a witness to refresh recollection." M.C.M., Analysis, at A21–56. Rule 914 relates to statements which are "relevant" to the testimony of a witness. Generally, these are other statements by the witness which may tend to exculpate the accused or are inconsistent with in-court testimony. Military Rule of Evidence 612 is entitled "Writing to refresh memory" and specifically provides for the remedy used in this case by the military judge when writings used to refresh memory are unavailable, that is, "any order justice requires," including striking testimony.

Although the trial defense counsel did frame his request for a side-bar conference as a means for addressing some "possible Jencks Act motions," the relevant facts of record clearly reflect, and we so find, that all the parties intended and were proceeding under the assumption that Mil.R.Evid. 612 was controlling in the resolution of the issue. The military judge ruled that he was striking testimony relating to missing notes upon which the witness had relied, and which were now unavailable (see Mil.R. Evid. 612); this position was affirmatively adopted by trial defense counsel as the basis for his objection. It is clear that appellant's only basis for the striking of SSG Turner's testimony was Mil.R.Evid. 612.

■ Consequently, appellant both by his failure to make a *specific objection* based on either R.C.M. 914 or the Jencks Act and by his subsequent on the record *affirmative adoption* of the military judge's interpretation of the nature of the motion, has waived any objection based on either of these two grounds. *See* Mil.R. Evid. 103(a)(1); *see generally Lewis v.*

**894**

*United States,* 340 F.2d 678 (8th Cir.1965) (defendant responsible to properly invoke Jencks Act to allow court to rule on its applicability; abandonment of a request under Jencks Act possible which would waive appeal of issue); *United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487 (2d Cir.1960) (failure to specifically assert rights under the Jencks Act at trial fatal to claim on appeal). Further, the type of information required for this court to make a determination on the applicability of the Act or the Rule, for example, whether there was bad faith on the part of the government, simply is not contained in the trial record. Assuming, but not deciding, that the facts of this case fall into a "Jencks Act" classification, appellant's trial conduct which waived this issue precludes litigation of the issue on appeal, particularly in view of the fact that the action taken by the military judge in striking portions of the witness' testimony would be more than adequate to preclude any error from being elevated to the level of plain error. *See* UCMJ art. 59(a), 10 U.S.C. § 859(a); *cf. United States v. Cox,* 23 M.J. 808, 817 (N.M.C.M.R.1986), and cases cited therein (defense induced error constitutes an inappropriate predicate for appellate relief).[1]

The remaining assignments of error have been considered and determined to be without merit.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge RABY and Judge WILLIAMS concur.

---

1. Although we are not convinced that error occurred in this case, assuming *arguendo* such was the case, we believe such error was defense induced by the manner in which defense counsel chose to particularize his motion at trial and by his affirmative adoption of the trial judge's characterization of his motion.