WILLIAMS v. OVERHOLSER, Superintendent, St. Elizabeths Hospital.

No. 8938.

United States Court of Appeals

District of Columbia.

Decided Oct. 19, 1945.

See also 78 U.S.App.D.C. 95, 137 F.2d 545.

Mr. P. Michael Cook, of Washington, D.C. (appointed by District Court) for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief for appellee.

Mr. Sylvan Schwartz, of Washington, D. C., also entered an appearance for appellee.

Before ALBERT LEE STEPHENS, Circuit Judge, sitting by designation, and EDGERTON and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

Petitioner alleges in his petition for the issuance of the writ of habeas corpus that "he is now being illegally imprisoned" by respondent, who is superintendent of a hospital for the insane. The record shows that the superintendent is holding petitioner by virtue of a commitment issued out of the trial court February 1, 1935. The writ issued, and, after issue was joined in the usual manner, evidence was introduced. The trial court found that the insanity theretofore adjudged continued and dismissed the writ. Petitioner appealed, and Mr. P. Michael Cook, an attorney appointed by the court and acting without compensation, ably presented petitioner's points.

It appears that the commitment under which petitioner was received by respondent and under which he is now held is legal and regular in every way. It appears further that petitioner took the stand and testified that he is of sound mind. Other competent testimony was received to the effect that he is of unsound mind. This court cannot disturb the trial court's conclusions as to petitioner's mental condition in these circumstances.

Petitioner states that the "jury who served in the case * * * had intentions to declare petitioner insane before the date of trial Feb. 1st, 1935, due to having been given false information about petitioner by parties desiring petitioner's confinement for selfish reasons acting through Collusion and Conspiracy." These are conclusions unsupported by allegations of fact.

It is set out that certain hospital records bearing statements concerning a shooting in a Maine hospital were admitted at the hearing. They were official records properly admitted, and no fact is alleged that these reached the jury in any other way than as evidence in the case.

The petition reveals the fact that petitioner is laboring under the delusion that he has been convicted of a capital offense without due process of law. He was convicted of no offense on February 1, 1935, but was found to be insane.

Affirmed.