**MARTINI HAIRDRESSERS, INC.,**
a corporation, Appellant,

v.

**POTOMAC BEAUTY SUPPLY COMPANY,**
Inc., a corporation, Appellee.

No. 3512.

District of Columbia Court of Appeals.

Argued July 27, 1964.

Decided Aug. 28, 1964.

Andrew P. Zimmer, Washington, D. C., with whom Robert H. Reiter, Washington, D. C., was on the brief, for appellant.

S. David Rubenstein and Bernard D. Lipton, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Martini Hairdressers, Inc., defendant below, appeals from a judgment for $637.47 in favor of Potomac Beauty Supply Co., Inc., for merchandise sold and delivered to appellant.

The principal error on appeal is the admission, on behalf of appellee as exhibits in the trial, of certain ledger records, together with the signed original sales slips and credit memoranda underlying the ledger entries, reflecting the transactions between the parties.

We believe they were properly admitted under the Federal Shop Book Rule.[1] The scope of this Rule has been limited by the Supreme Court to those records which are trustworthy because representative of routine recordation of day-to-day business operations. The test of admissibility is the character of the records and their earmarks of reliability acquired from their source and origin and the nature of their compilation. Typical of such records are "payrolls, accounts receivable, accounts payable, bills of lading and the like." Palmer v. Hoffman, 318 U.S. 109, 114, 63 S.Ct. 477, 481, 87 L.Ed. 645 (1943); New York Life Ins. Co. v. Taylor, 79 U.S.App. D.C. 66, 72, 147 F.2d 297, 303 (1944). Under the Rule it is no longer essential to call the entrant to authenticate the record or, if the entrant does not testify, to explain why the entrant was unavailable. United States v. New York Foreign Trade Zone Operators, Inc., 304 F.2d 792, 796 (2nd Cir. 1962). As long as regard is paid to the indispensable fundamental trustworthiness of the record, the statute should be liberally interpreted. Missouri Pacific Railroad Company v. Austin, 292 F.2d 415, 422 (5th Cir. 1961).

As appellee concedes, some foundation must be laid for the admission of the records. Appellant contends this requirement of the rule has not been met. That the material sought to be introduced had been taken from a business file is insufficient.[2] A foundation is laid, however, when the proffered records are shown—as they were in the case at bar—to have been made in the regular course of business. Bisno v. United States, 299 F.2d 711, 718 (9th Cir. 1962), cert. denied 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818.

The documents admitted were accounts receivable, typical of the kinds of records that the statute was intended to cover. Without contradiction by appellant in any form,[3] the witness for appellee testified the records were maintained in the regular course of its business operations. The sales slips and credit memoranda showed on their face that they were executed contemporaneously with the delivery and return of the merchandise involved. These documents substantiated the bases for the ledger entries. We are satisfied from the record on appeal that the requisites for admission of these documents under the Federal Shop Book Rule were fully met and that such exhibits were properly admitted.

We find appellant's other claims of error to be without merit.

Affirmed.

1. 28 U.S.C.A. § 1732. This statute provides, in effect, that in federal courts and courts created by Act of Congress any writing made as a memorandum or record of some act, transaction, occurrence, or event shall be admissible if made in the regular course of business and if it was the regular course of business to make such memorandum or record at the time of such act, transaction, occurrence, or event within a reasonable time thereafter.

2. Ace Freight Forwarding Company, Inc. v. Baltimore and Ohio Railroad Company, D.C.App., 202 A.2d 649, decided July 17, 1964.

3. The record shows that at the request of Mr. Martini itemized statements of all accounts were prepared and delivered to him prior to trial and no further complaints relating to the bills were received by appellee.