**Ida Louise WHITE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5794.**

District of Columbia Court of Appeals.

Argued Oct. 19, 1971.

Decided Dec. 13, 1971.

---

---

Charles Jarvis Murray, appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal questions the sufficiency of the evidence in a false pretense conviction[1] where appellant was charged with falsely claiming to be one Claudia Taylor and representing herself to be the lawful signator of a checking account in that name. Because the admissible evidence failed to prove that appellant was not Claudia Taylor, and not authorized to sign checks in that name, the judgment of the trial court must be reversed.

The Government produced as a witness the store clerk who testified that appellant had purchased a pants suit for $135.20. The witness testified that she saw appellant write a check for that amount before tendering it to her. She then asked for identification and appellant produced a driver's permit, a Department of Commerce identification card, and a Lord & Taylor shopping plate—all indicating that she was Claudia Taylor. Notations were made on the check regarding the identification card and shopping plate. The witness also testified that while appellant was the same person who had tendered the check in the store she had no knowledge as to whether appellant was in fact one Claudia Taylor.

The only other prosecution witnesses were an investigating police officer and a handwriting expert. The investigating officer testified that the check had been dishonored by the bank and returned to the store. The reason for the bank's dishonor was not apparent as the check only bore a notation "Refer to Maker".[2] Moreover, it was not shown whether the coded check form used in this case was from another account in the name of a Claudia Taylor. The officer's testimony also revealed that a duplicate driver's permit had been obtained in the name of Claudia Taylor by someone other than the person who had obtained an original driver's permit under that name. The government's expert witness testified that the signatures on the check in question and on the duplicate driver's permit and application were all made by the same person. He further testified that this was not the same person who had signed the original driver's permit and application. Other samples of hand-

---

1. D.C.Code 1967, § 22–1301 (Supp. IV, 1971). The information, which was very poorly drafted, contained errors regarding the date of the offense and the person to whom the false representations were made. However, at oral argument appellant claimed no prejudice by these technical errors.

The problems of draftsmanship were exacerbated by the use of a lengthy and somewhat complex form requiring editorial insertions to fit the particular facts.

Commitment to the use of forms for indictments and informations in the interest of economy should not result in a lack of emphasis in such a critical area requiring professional draftsmanship.

2. A vague notation on a check has no probative value absent explanation and authentication by the bank making the notation. State v. Smithers, 67 Wash.2d 666, 409 P.2d 463 (1965).

writing obtained by the investigating officer or through independent investigation had been used by the expert as an aid in identifying the signatures on the government exhibits. These were not offered as evidence in the case but to the extent of the truth contained in them respecting two persons using the name of Claudia Taylor, testimony regarding the documents was hearsay.

The copies of the driver's permits and applications offered as evidence by the Government through the investigating officer were not submitted by the custodian of the documents at the Department of Motor Vehicles. Aside from the fact that the Federal Shop Book Rule was not followed in proffering these documents,[3] they are not probative to prove the identity of the person entitled to use the name Claudia Taylor in respect to the bank account and check in question.

As a part of appellant's defense, each government witness was called for the purpose of clarifying testimony with respect to appellant's claims of insufficient evidence of identity. Each witness was asked if he knew, independently from what others had told him, whether or not the appellant was Claudia Taylor or the lawful signator of the checking account in that name. None of the witnesses could establish the essential identification through his own firsthand knowledge and within standards of the hearsay evidence rules. 31A C.J.S. Evidence §§ 192, 200 (1964).

Part of the government's burden in establishing the elements of the offense of false pretenses is proving that facts represented were untrue.[4] Proof that appellant was not Claudia Taylor or the lawful signator of the checking account in that name was not made. Because the Government has failed in this respect, the judgment of the trial court must be

Reversed.

---

3. 28 U.S.C. § 1732 (1970) is applicable to the Superior Court of the District of Columbia as a court established by act of Congress. *See* Martini Hairdressers, Inc. v. Potomac Beauty Supply Co., D.C.App., 203 A.2d 200, 201 n. 1 (1964).

4. *See* Hymes v. United States, D.C.App., 260 A.2d 679 (1970), which sets forth the elements of the offense. *See also* 32 Am.Jur.2d False Pretenses § 12 (1967).