**Lynell WILLINGHAM, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 82–330.

District of Columbia Court of Appeals.

Argued April 20, 1983.

Decided Oct. 13, 1983.

Robert M. Greenspan, Landover, Md., for appellant.

J. Herbie DiFonzo, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Michael W. Farrell and Ronald Dixon, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

A jury convicted appellant on August 28, 1981, of carrying a pistol without a license, D.C.Code § 22–3204 (1981). On February 18, 1982, the trial court sentenced him to a period of two to six years' imprisonment. On appeal he argues that (1) prior to trial the government failed to notify him personally that he was subject to the enhanced penalty provision of D.C.Code § 23–111(a)(1) (1981); [1] and (2) the government did not properly authenticate an exhibit indicating that he did not have a license for the weapon and, as a result, there was insufficient evidence to convict him. We affirm.

On March 25, 1981, Metro Transit Police Officer Paul W. Orise approached appellant, who was seated aboard a subway train, and indicated that appellant resembled the de-

---

1. D.C.Code § 23–111(a)(1) (1981) states:

No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States

Attorney ... files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon....

Appellant had previously been convicted for possession of a weapon without a license.

scription of a person sought by the police. Orise asked appellant to stand, frisked him, then patted down the jacket appellant had been carrying in his lap. From the jacket Orise removed a loaded .25 caliber pistol; he later checked licensing records and determined that appellant was not authorized to carry a pistol.

Appellant, who was previously convicted for carrying a pistol without a license and consequently sentenced to an extended term of imprisonment, argues that his sentence cannot stand because he was not personally notified prior to trial that he was subject to an enhanced penalty. We disagree. D.C.Code § 23–111(a)(1) (1981) states that the government must notify "the person *or* counsel for the person" if it intends to rely upon his or her prior convictions, *see supra* note 1 (emphasis supplied), and must provide this information before the jury is impaneled. *Arnold v. United States,* 443 A.2d 1318, 1327 (D.C. 1982); *Scott v. United States,* 392 A.2d 4, 6 n. 2 (D.C.1978). The record indicates that prior to the selection of the jury the prosecutor notified appellant's counsel of the government's decision to seek an enhanced penalty. Appellant is considered to have notice of this fact. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).[2] Hence, there was no violation of the statute. *Arnold v. United States, supra,* 443 A.2d at 1327.

Appellant contends that the government did not properly authenticate an exhibit indicating that he did not have a license to carry a pistol, alleging that the exhibit failed to include a separate certificate from the custodian of records. We disagree. Super.Ct.Crim.R. 27(a)(1) provides that an official record may be introduced into evidence through an "official publication or by a copy attested by the officer having the legal custody of the rec-

ord, or his deputy." The document must also include a certificate authenticated by the seal of "any public officer having a seal of office" indicating that the attesting officer has custody of the records. The exhibit in question is a document entitled "Certificate of No Record of Firearms Registration Certificate," under seal of the Chief of Police, expressly designating the Supervisor of the Firearms Registration Section, Identification and Records Division, as his deputy. In the same document the Supervisor attests that the records are "in my custody and control." Hence, the government complied with Rule 27. *See generally Durant v. United States,* 292 A.2d 157, 158 n. 3 (D.C.1972).

We note, however, and the government concedes, that the exhibit is a certificate of non-registration rather than non-licensing of a pistol. The transcript indicates that the prosecutor, appellant's trial counsel, and the trial court assumed that the document related to licensing, and that appellant's only objection at trial was to the authentication procedure. Any harm that may have resulted from this shared assumption was not prejudicial. Officer Orise testified that he had checked the licensing records and determined that appellant was not authorized to carry a pistol. We hold that there was sufficient evidence to convict appellant of the charge. *Hilton v. United States,* 435 A.2d 383, 390 (D.C. 1981).

Accordingly, the judgment on appeal is hereby

*Affirmed.*

---

2. Appellant does not challenge the adequacy of     his trial counsel's representation.