**In re D.M.C., Appellant.**

**No. 84–768.**

District of Columbia Court of Appeals.
Argued June 19, 1985.
Decided Jan. 29, 1986.

John Copacino, Law Student Counsel, for appellant. Wallace J. Mlyniec, Supervising Atty., and Stephanie Edelson, Law Student Counsel, Washington, D.C., were on the brief, for appellant.

Beverly J. Burke, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before FERREN, TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

In the Family Division of the Superior Court, appellant was found to be a "child in need of supervision" within the meaning of D.C.Code § 16–2301(8) (1981)[1] and committed to a group home for an indeterminate period of time, not to exceed two years. On appeal she contends that the trial court erred in admitting into evidence, and basing its finding of truancy upon, a document which purportedly set forth her school attendance record during the first few months of the 1983–1984 school year. We agree and reverse.

I

In January 1984 the Corporation Counsel, on behalf of the District of Columbia, filed a petition in the Family Division of the Superior Court alleging that appellant was a "child in need of supervision" and thus subject to commitment to a group home or institution under D.C.Code § 16–2320 (1981 & 1985 Supp.). At the hearing on the petition, the Corporation Counsel introduced into evidence, over appellant's objection, a document captioned "D.C. Public Schools Absence Investigation Request." This document bore the seal of the District of Columbia Public Schools. It indicated

1. Section 16–2301(8) provides in pertinent part: The term "child in need of supervision" means a child who ... subject to compulsory school attendance and habitually truant from school without justification ... is in need of care or rehabilitation.

that appellant had been absent from school for thirty-six days during the months of September, October, and November. Directly below this information appeared the words "Certified True Copy" and a date (November 21, 1983), followed by the purported signature of an assistant principal and custodian of records at a junior high school. Aside from the date accompanying the signature, the document did not state the year in which the absences allegedly occurred. No other documentary evidence was introduced, nor did the District present any witness to identify the document or to tell how or when it was prepared, who prepared it, or on what information it was based. Indeed, the District presented no witnesses at all but relied solely on the "Absence Investigation Request" to prove its case.

After examining the document, the court found by a preponderance of the evidence that appellant was a "child in need of supervision" and committed her to a group home. On this appeal appellant's main contention is that the "Absence Investigation Request" was inadmissible hearsay.

## II

■ In determining whether a child is a "child in need of supervision," the court may rely only on evidence that is legally admissible. *See* Super.Ct.Juv.R. 26.[2] Thus the court may not consider hearsay unless, of course, it falls within one of the well-recognized exceptions to the hearsay rule. In this case the District concedes that the "Absence Investigation Request" was hearsay, but contends that it fell within the business records exception to the hearsay rule. We hold that the District failed to

lay an adequate foundation to justify admission of the "Absence Investigation Request" as a business record. *See Martini Hairdressers, Inc. v. Potomac Beauty Supply Co.*, 203 A.2d 200, 201 (D.C.1964).

■ The admissibility of records made in the regular course of business is governed in the District of Columbia courts by a court rule, which provides in part:

> Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.

Super.Ct.Gen.Fam.R. Q(a).[3] To meet the requirements of this rule, a party must demonstrate (1) that the record was made in the regular course of business; (2) that it was the regular course of the business to make the record; and (3) that the record was made at, or within a reasonable time after, the act, transaction, occurrence, or event which it reports. *See Martini Hairdressers, Inc. v. Potomac Beauty Supply Co., supra; Bauman v. Ballard Fish Co.*, 185 A.2d 506, 507 (D.C.1962). In addition, the party must also prove that the maker

---

2. The Superior Court Juvenile Rules apply to all proceedings in which a child is alleged to be in need of supervision. *See* Super.Ct.Juv.R. 1. In addition, all proceedings in the Family Division are governed by that division's General Rules A through Q.

3. Although this is a Family Division rule, the legal principle which it states applies throughout the Superior Court. Super.Ct.Civ.R. 43–I(a) contains exactly the same language, and Civil

Rule 43–I(a) is made applicable to criminal proceedings by Super.Ct.Crim.R. 57(a).

Family Rule Q(a) and Civil Rule 43–I(a) are substantially identical to the former 28 U.S.C. § 1732(a) (1970), often referred to as the "federal shopbook rule," which was repealed by Congress when the Federal Rules of Evidence were enacted. In the federal courts the admissibility of business records is now governed by FED.R. EVID. 803(6).

of the record had personal knowledge of the facts set forth in that record or, if not, that the facts were communicated to the maker, directly or indirectly, by one who was acting in the regular course of business and who had such personal knowledge. *United States v. Smith,* 172 U.S. App.D.C. 297, 304, 521 F.2d 957, 964 (1975); *see Johnson v. Lutz,* 253 N.Y. 124, 170 N.E. 517 (1930); C. McCormick, Evidence § 310, at 878–879 (3d ed. 1984).

■ In this case the District failed to call the custodian of the school's records, or any other witness, to establish that the "Absence Investigation Request" fell within the business records exception to the hearsay rule. The document bore the signature of the custodian of records and the seal of the District of Columbia Public Schools. The seal and the signature established the document itself as a business record, *see* D.C.Code § 14–501 (1981), but they were not enough to make its contents admissible. "That the material sought to be introduced had been taken from a business file [was] insufficient." *Martini Hairdressers, Inc. v. Potomac Beauty Supply Co., supra,* 203 A.2d at 201 (footnote omitted). There was no evidence that it was the practice of the public schools to make such a document, nor was there any proof that the maker (who was never identified) had personal knowledge of the facts set forth in the document or that the facts had been reported to the maker in some manner by one who had personal knowledge.[4] Without such evidence, the "Absence Investigation Request" was not admissible as a business record. *Bauman v. Ballard Fish Co., supra; United States v. Blake,* 488 F.2d 101, 105 (5th Cir.1973); *see United States v. Ordonez,* 737 F.2d 792,

805 (9th Cir.1984); *Vesper Construction Co. v. Rain for Rent, Inc.,* 602 F.2d 238, 242 (10th Cir.1979); *Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 307 (5th Cir. 1978).

### III

■ Alternatively, the District contends that the document was admissible under another exception to the hearsay rule, that which allows the admission of official or public records. The only authority that the District cites in support of this contention, however, is Fed.R.Evid. 803(8), which provides for the admission of public records in the federal courts. Unfortunately for the District, its reliance on this rule is misplaced, for the Federal Rules of Evidence do not apply in the Superior Court.[5]

■ This is not to say that there is no public records exception in the District of Columbia. On the contrary, such an exception to the hearsay rule has been recognized in our courts for more than 150 years. *See Gaston v. United States,* 34 A.2d 353, 356 (D.C.1943), *aff'd,* 79 U.S.App. D.C. 37, 143 F.2d 10, *cert. denied,* 322 U.S. 764, 64 S.Ct. 1286, 88 L.Ed. 1591 (1944); *Williams v. Overholser,* 80 U.S.App.D.C. 235, 151 F.2d 457 (1945), *cert. denied,* 327 U.S. 808, 66 S.Ct. 957, 90 L.Ed. 1032 (1946); *Labofish v. Berman,* 60 App.D.C. 397, 399, 55 F.2d 1022, 1024 (1932); *United States v. Kuhn,* 4 D.C. (4 Cranch) 401, 419 (1833). To lay a foundation for the admission of a document as a public record, a party must prove, first, that "the facts stated in the document are within the personal knowledge and observation of the recording official," and second, that "the document is

---

**4.** At the bottom of the document is the signature of someone characterized as an "Attendance Officer." That person did not testify, however, nor was there any evidence either that she prepared the document or that she had knowledge of its contents.

**5.** This court, in a handful of cases, has held that certain of the Federal Rules of Evidence correctly state an applicable principle of law, and thus it has "adopted" individual rules, or sections of

rules, as setting forth the evidentiary law of the District of Columbia. *E.g., Butler v. United States,* 481 A.2d 431, 439 (D.C.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1398, 84 L.Ed.2d 786 (1985) (Rule 801(d)(2)(E)); *Laumer v. United States,* 409 A.2d 190, 199 (D.C.1979) (en banc) (Rule 804(b)(3)). The Federal Rules of Evidence as a whole, however, have never been applicable in the District of Columbia courts.

prepared pursuant to a duty imposed by law or implied by the nature of the office." *Howard v. United States,* 108 U.S.App. D.C. 38, 40, 278 F.2d 872, 874 (1960) (footnotes omitted).

 In this case the District failed in both respects.[6] It offered no proof whatsoever that the alleged absences recorded in the document were within the personal knowledge of the recording official. *See United States v. Perlmuter,* 693 F.2d 1290, 1293–1294 (9th Cir.1982); *Independent Iron Works, Inc. v. United States Steel Corp.,* 322 F.2d 656, 671–672 (9th Cir.), *cert. denied,* 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 165 (1963). Indeed, it did not even identify the recording official, either by name or by title.[7] Nor did the District prove that the document was prepared pursuant to a legal duty. Although in its brief the District correctly states that D.C.Code § 31–405 (1981) requires a teacher to keep an "accurate daily record" of the school attendance of all children between the ages of seven and sixteen, there was no evidence at trial that the "Absence Investigation Request" was the record of which the statute speaks or that it was based upon any such record. Thus the document was not shown to be admissible under the public records exception to the hearsay rule.

## IV

Since there was no admissible evidence before the trial court, its order committing appellant to a group home is entirely without factual support. The order must therefore be

*Reversed.*[8]

---

6. We assume, without deciding, that the document was properly authenticated as an official record of the District of Columbia Public Schools. *See* Super.Ct.Civ.R. 44(a)(1), made applicable here by Super.Ct.Juv.R. 27. As in the case of a business record, however, the mere authentication of a document as an official record is not enough to make its contents admissible.

7. See note 4, *supra.*

8. In light of our holding on the admissibility of the document, we need not discuss the other issues that appellant raises.