**Donnell L. HUNTER, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 89–968.

District of Columbia Court of Appeals.

Argued Jan. 2, 1991.
Decided May 15, 1991.

---

Sandra K. Levick, Public Defender Service, with whom James Klein, Henderson Hill, and Stephen A. Thomas, Public Defender Service, were on the brief, for appellant.

Elisabeth A. Bresee, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty.,

John R. Fisher and Roy W. McLeese, III, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, SCHWELB, Associate Judge, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Appellant was charged with assault with intent to murder while armed, D.C.Code §§ 22–503, –3202 (1989 Repl. & 1990 Supp.), and carrying a pistol without a license, *id.* § 22–3204. The jury did not reach a unanimous verdict on the charge of assault with intent to murder while armed, but convicted appellant of the lesser-included offense of assault with a dangerous weapon and carrying a pistol without a license. Appellant contends the trial court erred in denying his two motions to dismiss the indictment and in admitting a document as evidence under an exception to the hearsay rule. We affirm.

In response to a radio broadcast relating that a shooting had just occurred and that someone using the street name "Fat Rat" was the shooter, a police officer, who knew appellant used that street name, apprehended appellant as he was walking on the street a short time after the broadcast. Appellant was taken to the emergency room where the shooting victim, who was being treated, identified appellant as his assailant.

At a hearing on pretrial motions, appellant's trial counsel, having reviewed the grand jury testimony of the police officer, asserted that the police officer's grand jury testimony was inaccurate and requested dismissal of the indictment. To clarify the matter, the trial court directed the government to recall the police officer. The police officer testified he had told the grand jury that a car key found in appellant's possession at the time of his arrest started a car found nearby and which appeared to fit a description of the car in which the shooter was seen fleeing. The police officer went on to say he had told the grand jury that the key started the car because that was what a detective who had been at the scene had told him. The detective, who was also called to testify before the judge, stated he told the police officer that the key fit the ignition of the car, but that he did not tell the officer that the key started the car. The complaining witness, who had testified before the grand jury, also recounted his testimony for the trial judge. After hearing all the testimony, the trial judge denied appellant's motion to dismiss the indictment based on the inaccuracy in the police officer's testimony after finding that although the testimony before the grand jury had been inaccurate, it was not perjurious. Moreover, the court concluded that the inaccurate testimony had not substantially influenced the grand jury's decision to indict appellant.

During trial, in the course of discussing jury instructions, defense counsel again moved for dismissal of the indictment. Defense counsel asserted that there was uncertainty regarding whether the grand jury understood the legal distinction between killing and murder because the prosecutor did not specifically instruct the grand jury on malice. As a result, defense counsel asserted, the grand jury could not have understood all the elements of the offense of assault with intent to murder while armed for which they returned their indictment. The trial judge took the motion to dismiss under advisement.

In instructing the jury on assault with intent to murder while armed, the trial judge included an instruction on malice. The trial judge also instructed the jury on assault with a dangerous weapon as a lesser-included offense of assault with intent to murder while armed. The jury found appellant guilty on the charges of assault with a dangerous weapon and carrying a pistol without a license. However, the jurors were unable to reach a unanimous verdict on the charge of assault with intent to murder while armed. The government stated that it would not pursue the charge of assault with intent to murder while armed, so the trial judge dismissed that charge.

After the jury returned its verdict, the trial judge denied appellant's motion to dismiss the indictment. In denying the motion, the trial judge ruled that the issue of

whether the grand jury understood the legal definition of malice was moot because the jury did not find appellant guilty of a crime that required malice. In addition, the trial judge noted there was sufficient evidence before the grand jury to support all the elements of the crime for which the indictment was returned and therefore appellant suffered no prejudice. Specifically, the trial judge noted that malice could have been inferred from the use of a dangerous weapon.

## I.

Appellant first contends his conviction should be reversed because he asserts the indictment was defective. Although he concedes that the indictment was valid on its face, he nonetheless cites two reasons why his indictment should have been dismissed. First, appellant asserts the grand jury did not understand an essential element of the crime for which appellant was indicted, namely that he maliciously intended to kill, because the prosecutor did not adequately instruct the grand jury regarding the difference between killing and murder. Second, he asserts the grand jury relied on inaccurate testimony when it indicted him.

Appellant contends the trial court erred in failing to dismiss the indictment which, he asserts, was void because the grand jury could not have properly charged the offense of assault with intent to murder while armed. He does not challenge the facial validity of the indictment, nor does he contend he was insufficiently apprised of the nature of the offense for which he was to be tried, *cf. United States v. Thomas*, 144 U.S.App.D.C. 44, 444 F.2d 919 (1971). Also, appellant does not challenge the holding that the prosecutor has no obligation to give the grand jury legal instructions. *See, e.g., United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir.1986), *cert. denied,* — U.S. ——, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990); *United States v. Kenny,* 645 F.2d 1323, 1347 (9th Cir.), *cert.*

*denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981). Rather, appellant contends there is uncertainty regarding whether the grand jury understood an essential element of the crime charged in the indictment, *i.e.,* a malicious intent to kill.

In this case, we need not decide whether the grand jury could properly charge the offense of assault with intent to murder while armed because of any uncertainty regarding whether it understood all the elements of that offense. Since appellant was not convicted of that offense, his challenge to the indictment as to that offense was rendered moot. *See Chambers v. United States*, 564 A.2d 26, 29 (D.C. 1989). He was convicted of the lesser-included offense of assault with a dangerous weapon. In this case, the difference between assault with intent to murder while armed and assault with a dangerous weapon was proof of a malicious intent to kill. Uncertainty as to whether the grand jury found that appellant acted with a malicious intent to kill would not affect his conviction for assault with a dangerous weapon. *See Coreas v. United States*, 585 A.2d 1376 (D.C.1991). Therefore, he suffered no prejudice that would require reversing his conviction.[1]

Next, it is well settled that ordinarily the court does not review evidence presented to the grand jury to determine whether it was sufficient to support the indictment returned. *See Chambers, supra,* 564 A.2d at 29. An indictment returned by a legally constituted and unbiased grand jury that is valid on its face is enough to call for a trial on the merits. *Id.* (citations omitted). However, where false material testimony is presented to the grand jury, the court may review the evidence presented to the grand jury to determine whether the defendant suffered any prejudice as a result, depending upon the seriousness of the showing. *See, e.g., Wright v. United States,* 564 A.2d 734 (D.C.1989); *Sanders v. United States,* 550 A.2d 343 (D.C.1988). Dismissal of the in-

---

**1.** Appellant does not contend that there was insufficient evidence to support his conviction of assault with a dangerous weapon.

dictment is warranted only where it is established that the false testimony substantially influenced the grand jury's decision to indict or where there exists a "grave doubt" whether the decision to indict was free from the substantial influence of the false testimony. *Sanders v. United States, supra,* 550 A.2d at 345 (citing *Bank of Nova Scotia v. United States,* 487 U.S. 250, 108 S.Ct. 2369, 2374, 101 L.Ed.2d 228 (1988)). Where no evidence other than deliberately falsified information is presented to the grand jury as to a charge, dismissal of the indictment for that charge would be warranted. *See Wright v. United States, supra,* 564 A.2d at 738.

 In this case, even if the police officer's testimony regarding the key was inaccurate, appellant cannot show sufficient prejudice to warrant reversal.[2] The police officer's testimony before the grand jury with respect to the key provided corroborative evidence that appellant was the shooter. However, the grand jury did not have to rely solely, or even at all, on the police officer's testimony regarding the key. The victim testified that he had known appellant for several years before the shooting, that he and appellant had been involved in a confrontation at the time of the shooting, and that he saw appellant point a gun at him moments before he turned to run and was shot at that time. Based on this testimony, we are not persuaded that there exists a grave doubt whether the grand jury's decision to indict was free from the substantial influence of false testimony. *See Sanders v. United States, supra,* 550 A.2d at 345.

Appellant relies on *Wright, supra,* for the proposition that his indictment must be dismissed and his conviction reversed. However, *Wright* is inapplicable to the circumstances of this case. In *Wright,*[3] the

government altered the charge to fit the evidence being presented at trial and thereby usurped the function of the grand jury. *See id.,* 564 A.2d at 737–38. Wright's conviction was based on facts "crucially different from those presented to the grand jury." *Id.* The grand jury had indicted Wright for a different criminal act than the one for which the petit jury found him guilty. *Id.* No grand jury ever returned an indictment against Wright for the crime for which he was convicted. *Id.* at 738. Therefore, Wright was deprived of his Fifth Amendment right to be tried only upon charges contained in an indictment returned by a grand jury. In this case, appellant was not tried for a criminal act different than the one considered by the grand jury, nor was the only testimony presented to the grand jury based on deliberately falsified information.

## II.

 Second, appellant contends that the trial court committed reversible error when it admitted into evidence a Certificate Of No Record Of A License To Carry A Pistol under an exception to the hearsay rule. He argues the government failed to establish the requisite foundation to establish the admissibility of the document as a business record exception. This contention lacks merit.

A Certificate Of No Record Of A License To Carry A Pistol can be admitted under the public records exception to the hearsay rule pursuant to Super.Ct.Crim.R. 27. *See Willingham v. United States,* 467 A.2d 742, 744 (D.C.1983). The absence of a license in the official records may be evidenced by a written statement attesting that a diligent search of the official records revealed the absence of any such record

---

**2.** Appellant does not contend there was prosecutorial misconduct in this case, nor was there any indication of it. *Cf. Sanders v. United States, supra,* 550 A.2d at 345 (finding gross negligence on the part of the prosecutor).

**3.** In *Wright,* a police officer who was relying on information provided by the victim of a rape and who was the only witness testifying before the grand jury testified that the defendant and

another individual had each raped the victim. As the trial was about to commence, the prosecutor revealed that the victim had lied about who actually raped her, that she would testify at trial that the defendant did not actually rape her, and that the government would be proceeding against the defendant on a theory of aiding and abetting. The defendant was convicted as an aider and abettor.

provided that the statement is properly authenticated. Super.Ct.Crim.R. 27(b). Proper authentication requires the officer making the statement to certify that he is the officer who has custody of the official records, and requires the document containing the statement to be affixed with the seal of his office. Super.Ct.Crim.R. 27(a). A proper foundation is established by showing the facts stated in the document are within the personal knowledge of the official making the statement and that the records referred to in the statement are prepared pursuant to a legal duty. *See In re D.M.C.,* 503 A.2d 1280, 1283–84 (D.C. 1986).

In this case, the statement that appellant had no license to carry a pistol was self-authenticating and satisfied the foundational requirements. The statement was accompanied by the required certification and seal. The statement was signed by the one who conducted the search indicating personal knowledge of the facts stated. The statement also contained the pertinent statutory language indicating the records searched were established and maintained pursuant to a legal duty. Therefore, the trial court did not err in admitting the document.

*Affirmed.*