Sarah CLYBURN, Appellant,

v.

The DISTRICT OF COLUMBIA,
Appellee.

No. 97–FM–693.

District of Columbia Court of Appeals.

Submitted Sept. 24, 1998.
Decided Nov. 18, 1999.

Donald W. Whitehead, Jr., Ellicott City, MD, for appellant.

Jo Anne Robinson, Principal Deputy Corporation Counsel, Robert R. Rigsby, Deputy Corporation Counsel at the time the brief was filed, and Rosalyn Calbert Groce, Washington, DC, were on the brief, for appellee.

Before STEADMAN and RUIZ, Associate Judges, and MACK, Senior Judge.

RUIZ, Associate Judge:

Following a bench trial, appellant was convicted of thirteen counts of failing to have her child regularly attend school, in violation of the Compulsory School Attendance Act, D.C.Code § 31–402(a) (1993). On appeal, she argues that the evidence was insufficient to support the conviction because there was no proof that she had custody or control of her child at the time the violations occurred. Specifically, appellant contends that the trial court could not rely on hearsay school records which listed the same address for her and the child. We agree that the school records were not properly admissible for this purpose. As the trial court relied on the school record in finding appellant guilty, we remand the case for further proceedings consistent with this opinion.

## I.

During the 1995–96 school year, appellant's daughter, T.C., had numerous unexcused absences from school. Pursuant to school policy, the classroom teacher completed and turned into the school principal Form 565A, Absence Investigation Request, which listed the same address, 423 Burbank Street, S.E., for both appellant and T.C. After the principal became aware of these absences, she assigned a Pupil Personnel Worker to investigate, and personally attempted to contact appellant on at least one occasion. The principal also sent letters to appellant at the address listed on Form 565A requesting an explanation for T.C.'s absences, but the school never received anything in writing from appellant explaining the reasons for her daughter's absences. The principal met appellant at the school following a parent-teacher conference during the 1995–96 school year, at which time appellant introduced herself as T.C.'s mother. Additionally, at some other point during the 1995–96 school year, when asked about her absenteeism that school year, T.C. told the principal that "my mom kept me at home."

## II.

In reviewing claims of insufficiency of the evidence at trial, this court views the evidence in the light most favorable to the government, giving deference to the right of the fact-finder to weigh evidence, draw all justifiable inferences, and determine credibility. *See Green v. United States,* 608 A.2d 156, 158 (D.C. 1992). No distinction is drawn between direct and circumstantial evidence. *See Parker v. United States,* 601 A.2d 45, 51 (D.C.1991) (citing *Driver v. United States,* 521 A.2d 254, 259 (D.C.1987)); *Curry v. United States,* 520 A.2d 255, 263 (D.C. 1987). Only in such instances where there is no evidence upon which a reasonable person might fairly conclude guilt beyond a reasonable doubt should the evidence be found insufficient. *See In re L.A.V.,* 578 A.2d 708, 710 (D.C.1990); *Roy v. United States,* 652 A.2d 1098, 1103 (D.C.1995) (citing *Parker, supra,* 601 A.2d at 51).

Appellant contends that the evidence was insufficient to support a conviction under the Compulsory School Attendance Act. To convict appellant of violating the Act, the government must show beyond a

reasonable doubt that a parent "who has custody or control of a minor" child failed to place the minor in "regular attendance" at school. D.C.Code § 31–402(a) (1993). Appellant does not dispute the trial court's finding that she is the parent of a minor child who was consistently absent from school without a valid excuse, but does challenge the finding that she had "custody or control" of the child at the time the violations occurred.

■■■ We conclude, viewing the evidence in the light most favorable to the government, that a reasonable fact-finder could find that appellant had custody or control of T.C. and, thus, was guilty of failing to ensure her regular attendance at school. The school principal, and sole witness in this case, testified that appellant told her she was T.C.'s mother during a parent-teacher conference at the school, and that, when questioned, T.C. indicated that it was her mother who kept her out of school.[1] Additionally, the Absence Investigation Request (Form 565A) prepared by the child's teacher listed both mother and child at the same address. "When the trial court sits as the fact finder, its factual findings are accorded considerable deference and are reviewed under a 'clearly erroneous' standard." *Davis v. United States*, 564 A.2d 31, 35 (D.C.1989) (en banc); *see also* D.C.Code § 17–305(a) (1997 Repl.). In this case, appellant's statement to the principal that she is T.C.'s mother, T.C.'s response to the principal that her mother kept her out of school and the school form listing their

common address, if properly before the court, could give rise to a reasonable inference that appellant had "custody or control" of T.C. during the time she was repeatedly absent from school.[2]

■■■ Appellant contends that the information listing both mother and child at the same address in Form 565A Absence Investigation Report is inadmissible to show custody because no foundation was given at trial "regarding how or where such information would have been ascertained." App. Br. at 3. Under the business record hearsay exception, a document is admissible if it was (a) made in the regular course of any business, and (b) if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. *See Giles v. District of Columbia*, 548 A.2d 48, 53 (D.C.1988); Super. Ct. Gen. Fam. R. Q(a); *see also* Super. Ct. Civ. R. 43–I(a). In this case, the principal testified that the Absence Investigation Report was made in the regular course of school business, and that it was school policy for teachers to make these reports after three unexcused absences, as was the case with T.C.

Appellant correctly argues, however, that before the hearsay information on her and T.C.'s common address can be admitted under the business record exception, the government must also show a basis of personal knowledge of the information contained in the school record. In *In re D.M.C.*, 503 A.2d 1280, 1282 (D.C.1986), we

---

1. Although appellant's brief notes that the principal's testimony with respect to what the child said is inadmissible hearsay, that objection was not made to the trial court, and appellant does not argue that it was plain error for the trial court to consider hearsay evidence. *See (Kevin) Hunter v. United States*, 606 A.2d 139, 144 (D.C.) (*cert. denied*, 506 U.S. 991, 113 S.Ct. 509, 121 L.Ed.2d 444 (1992)). "Hearsay evidence admitted without objection may be properly considered by the trier of fact and given its full probative value." *Mack v. United States*, 570 A.2d 777, 782 (D.C.1990) (citation omitted). In addition, we note that the trial court did not

mention the child's statement when it found appellant guilty.

2. Although the government does not make the argument, and we are cognizant of the government's burden to prove its case beyond a reasonable doubt, we think it is reasonable for the fact-finder to infer, absent evidence to the contrary, that a parent has custody or control of a child. *Cf. In re B.C.*, 582 A.2d 1196, 1199 & n. 6 (D.C.1990) (explaining that parental responsibilities "do not terminate absent the death of the parent or a court order") (citing *Martin v. Tate*, 492 A.2d 270, 273 (D.C.1985)).

required a showing that "the maker of the record had personal knowledge of the facts set forth in that record or, if not, that the facts were communicated to the maker, directly or indirectly, by one who was acting in the regular course of business and who had such personal knowledge." Notwithstanding the express ruling in *In re D.M.C.* that the business record hearsay exception requires the proponent to lay a foundation of personal knowledge, the Superior Court rule relevant to this case appears to exclude that factor as a requirement for admissibility, providing instead:

> Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such at, transaction, occurrence, or event, or within a reasonable time thereafter. *All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.*

Super. Ct. Gen. Fam. R. Q(a) (1997); *see* Super. Ct. Civ. R. 43–I(a) (1997) (emphasis added). Moreover, since *D.M.C.*, in laying out the foundation requirements for the business record exception, we have at times omitted the personal knowledge element. *Compare Giles v. District of Columbia, supra,* 548 A.2d at 53 (noting, in the context of admissibility of chemist's report under D.C.Code § 33–556, that the "key to admissibility of a business record as an exception to the hearsay rule, therefore, is the foundation provided by the testimony of someone in a position to verify 'that the records were maintained in the regular course of ... business opera-

tions.' " ) (quoting *Martini Hairdressers, Inc., v. Potomac Beauty Supply Co.,* 203 A.2d 200, 201 (D.C.1964)), *with Goldsberry v. United States,* 598 A.2d 376, 378 (D.C. 1991) (noting with respect to public record exception to hearsay rule, that facts in public document must be "within the personal knowledge and observation of the recording official"), *and (Donnell) Hunter v. United States,* 590 A.2d 1048, 1053 (D.C. 1991) (same).

■ Therefore, we take this opportunity to restate that, to be admissible under the business record exception to the hearsay rule, either the original maker of the business record sought to be admitted under the exception must have personal knowledge of the information in the record, or must have received the information from someone with such personal knowledge and who is acting in the regular course of business. This requirement was clearly set forth in *United States v. Smith,* 172 U.S.App.D.C. 297, 521 F.2d 957 (1975), relied upon by *D.M.C.,* which interpreted the Business Records Act, 28 U.S.C. § 1782(a), a statute that contains the same language as the Superior Court rule at issue here.[3] As explained by the *Smith* court:

> By overwhelming majority, the better view of this language is that while it exempts the maker of the record from the requirement of personal knowledge, it allows admission of the hearsay only if it was reported to the maker, directly or through others, by one who is himself acting in the regular course of business, and who has personal knowledge

*United States v. Smith, supra,* 172 U.S.App.D.C. at 304, 521 F.2d at 964.

■ Having stated that there is a personal knowledge requirement, however, does not answer the question how the requisite personal knowledge may be shown. We have said in the context of the public record exception that it is not necessary

---

**3.** Super. Ct. Fam. R. Q(a) (issued May 19, 1980) and the identical Super. Ct. Civ. R. 43–I(a) (issued June 30, 1975) were both in existence at the time *In re D.M.C.* was decided.

for the record-maker to testify about his or her personal knowledge. Rather, a sufficient foundation is laid if the presenter of the record testifies, or some other evidence supports, that the maker has an obligation to make an accurate recording. *Cf. Goldsberry, supra*, 598 A.2d at 379. Although in this case the school principal testified that T.C.'s teacher, who filled out the form, had personal knowledge of T.C.'s absences from school, the principal did not testify, however, that T.C.'s teacher either had personal knowledge of where T.C. and appellant lived or had included the address information on the school form after having received the information from someone with personal knowledge of that fact in the regular course of business. Therefore, the necessary foundation of personal knowledge is lacking with respect to the address listed on the school form. The trial court appears to have relied on the school form for the number of days T.C. was absent from school and for the "address also indicated as Ms. Clyburn's address." Although the school form was admissible as a business record to prove the number of days T.C. was absent from school, it cannot be used as proof of their common residence.

Because the trial court's decision in this case relied on inadmissible evidence, we remand the case for further proceedings consistent with this opinion.[4]

*Remanded.*

---

[4]. If the trial court, as the finder of fact in a bench trial, should determine that it would not have convicted appellant absent the inadmissible evidence, the trial court should set aside the conviction, without prejudice to the right of the government to retry the case. *See Thomas v. United States*, 557 A.2d 599 (D.C. 1989). However, if the trial court should determine that it would have convicted the appellant even without consideration of the improperly admitted evidence, the conviction shall stand, without prejudice to the right of the appellant to file a renewed notice of appeal. Neither party has briefed the legal sufficiency of the remaining evidence, apart from the improperly admitted evidence, to sustain a conviction and we do not here address that issue.