UNITED STATES of America, Appellee,

v.

Larry GLAZE and Robert Loyd, Appellants.

No. 80–2057.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1981.

Decided March 17, 1981.

Rehearing Denied April 14, 1981.

---

Robert R. White, Fayetteville, Ark., for appellants.

Larry R. McCord, U. S. Atty., Steven N. Snyder, Asst. U. S. Atty. (argued), Fort Smith, Ark., for appellee.

Before HEANEY, HENLEY and McMIL-LIAN, Circuit Judges.

PER CURIAM.

Appellant, Larry Glaze, was indicted and charged with violating 21 U.S.C. §§ 841(a)(1), 843(b), which prohibit respectively the unlawful distribution of a controlled substance and the use of a communication facility to aid in such distribution. Appellant, Robert Loyd, was indicted and charged with violating 21 U.S.C. § 841(a)(1). Glaze and Loyd were tried jointly before a jury in the Western District of Arkansas, and a verdict of guilty was returned as to each count. Appellants appeal from judg-ments of conviction and sentences.[1] We affirm.

In January 1980, Gary Lang, an informant for the Drug Enforcement Administration (DEA), telephoned Glaze to arrange a cocaine purchase from him. During their conversation, which was recorded by DEA officials, Lang and Glaze agreed to meet at a liquor store near the Arkansas-Missouri border in order to transfer the cocaine.

On the agreed date, Lang, accompanied by DEA Task Force Investigator Don Sanders, arrived at the liquor store and found Glaze and appellant Loyd waiting in an automobile. Glaze, fearing the transaction might be detected, told Lang and Sanders to follow them to a more secluded area. The parties then proceeded by vehicle to Bella Vista, Arkansas, where, once in a relatively secluded area, they parked their automobiles.

Lang and Sanders left their vehicle and entered the automobile driven by Glaze. Once inside, they were introduced to Loyd, identified by Glaze as his partner. After a brief conversation, Sanders gave Loyd $2,100.00 in return for a substance which Loyd claimed to be cocaine. Soon after this transaction, the parties returned to their respective vehicles. Sanders immediately conducted a field test which indicated, although not conclusively, that the substance purchased was indeed cocaine.

After returning to the DEA office in Little Rock, Arkansas, Sanders placed the cocaine in a plastic bag, heat sealed the bag and placed an identification label on it, then sent it registered mail to the DEA laboratory in Dallas, Texas. The bag was received in Dallas by a laboratory technician and then given for testing to Buddy Goldston, a chemist. Goldston opened the end of the bag which had not been heat sealed, removed some of the substance, tested it, heat sealed the end of the bag he had opened, placed an identification label on the bag,

---

1. The Honorable Oren Harris, United States Senior District Judge, Eastern and Western Districts of Arkansas, sentenced Glaze to serve eighteen months with a special parole term of three years on the distribution count and placed him on probation for two years on the communications count. Loyd received a sentence of two years with six months to serve.

and returned the bag by registered mail to the DEA office in Little Rock. Sanders received in Little Rock a plastic bag that had been heat sealed on both ends and bore his identification label as well as that of Buddy Goldston.

Appellants were indicted on April 30, 1980, and after two continuances were tried on September 8, 1980. The government's case consisted primarily of Sanders' testimony, Goldston's testimony, Lang's testimony, the taped telephone conversation between Lang and Glaze, and the cocaine. Appellants presented no evidence.

On appeal it is contended that the district court erred by (1) failing to grant appellants a third continuance, (2) failing to strike Sanders' testimony concerning the results of his field test, and (3) failing to strike Goldston's testimony concerning the results of his laboratory test.[2]

*Motion for Continuance.*

On May 22, 1980, shortly after indictment, Glaze was involved in an automobile accident which caused him to spend some time in a hospital. Because of his injuries, Glaze was physically unable to aid in his defense, and at appellants' request a continuance was granted. Approximately two months after the granting of this continuance, appellants requested and were granted a second continuance, although at the time Glaze was no longer a hospital patient. Ten days before the scheduled trial date appellants requested a third continuance which was opposed by the government. A hearing was held on the matter, and the district court denied appellants' request.

Appellants contend this denial was erroneous because Glaze's physical condition and his inability, until shortly before the trial date, to travel from his home in Joplin, Missouri to his lawyer's office in Fayetteville, Arkansas made it impossible for him to assist in the preparation of a defense.

Whether a continuance should be granted or not rests in the sound discretion of the District Court and only a showing of a clear abuse of discretion will justify an overturning of the District Court's ruling. *United States v. Taylor,* 542 F.2d 1023, 1025 (8th Cir. 1976) (citation omitted), *cert. denied,* 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977).

When reviewing an appeal from a denial of a motion for continuance based on inadequate preparation for trial, this court has examined certain factors in determining whether there was an abuse of discretion. We will look to the amount of time granted for preparation, the conduct of counsel at trial, and whether prejudice appears from the record. *United States v. Campbell,* 609 F.2d 922, 925 (8th Cir. 1979) (citation omitted), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980).

Twenty-one days elapsed between the handing down of the indictment and Glaze's accident, and though perhaps confined to his home, Glaze was released from the hospital more than two months prior to the trial. In light of the nature of the case, it is apparent that appellants had ample time in which to prepare. The fact that Glaze's attorney might have been forced to travel from Fayetteville to Joplin in order to prepare the case is of little consequence. Appellants failed to alert the district court to any specific physical infirmities which prevented Glaze from intelligently communicating with and aiding his attorney.

■ An examination of the record reveals the soundness of trial counsel's conduct and the absence of any prejudice. In light of the evidence presented by the government, it is apparent that nothing was to be served by granting a third continuance and that the district court's refusal to do so was not a clear abuse of discretion.

**2.** Appellants also contend that admission of the taped telephone conversation was error. This contention is frivolous and merits no discussion other than to say that admission of the tape

was certainly within the broad discretion accorded the district court. *See United States v. Williams,* 545 F.2d 47, 50 (8th Cir. 1976).

*Sanders' Testimony.*

Prior to trial appellants, pursuant to Fed. R.Crim.P. 16(a)(1)(D), requested the government to produce the results of any tests or experiments conducted in connection with the case. Responding to this request, the government produced the results of Goldston's laboratory test. It did not produce results of the inconclusive field test conducted by Sanders.

During trial Sanders, on direct examination, testified concerning the field test and the results obtained from it. After a brief cross-examination counsel for appellants moved to strike Sanders' testimony on this point because of the government's failure to produce the field test results in response to appellants' pretrial motion. The district court allowed Sanders' testimony to stand.

Appellants contend (1) that the district court erred by failing to exclude the testimony pursuant to Fed.R.Crim.P. 16(d)(2), and (2) that the district court erred in not striking the testimony for violation of the Jencks Act, 18 U.S.C. § 3500(d). It is not clear that the procedures followed by trial counsel preserved the Jencks' question for appeal. *See Lewis v. United States,* 340 F.2d 678, 680–83 (8th Cir. 1965). But assuming it was preserved, we find no ground for reversal, either under the Jencks Act, *see Kane v. United States,* 431 F.2d 172, 175 (8th Cir. 1970), or under Rule 16.

■f error were committed by the trial court in failing to apply any of the sanctions permissible under Rule 16 ... the error must be prejudicial to the defendant's substantial rights before the case should be reversed on that ground.

*Hansen v. United States,* 393 F.2d 763, 770 (8th Cir.) (citation omitted), *cert. denied,* 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968).

■ We observe that Sanders' testimony does not clearly reflect that any written report of the field test was ever made. The evidence of this test was largely cumulative and was not essential to the case of either party. Goldston's testimony alone firmly identified as cocaine the substance purchased by Sanders and was sufficient to support the verdict. There is no suggestion by appellant and no reason to believe that this sufficiency might be tainted by any report of the field test. It is apparent that appellants' substantial rights were not prejudiced by any error the district court might have made.

*Goldston's Testimony.*

Appellants finally contend that Goldston should not have been permitted to testify as to the results of his laboratory test. In support of this contention, appellants claim that the government failed to establish a custodial chain from which one could infer that the substance tested by Goldston was that purchased by Sanders. Appellants find fatal the government's failure to produce the Dallas laboratory technician who received the bag from Little Rock and then gave it to Goldston.

■ Our court was presented with this precise objection in *United States v. Jones,* 486 F.2d 476 (8th Cir. 1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1415, 39 L.Ed.2d 472 (1974), and rejected it. We do not find that the present circumstances dictate a different result. The custodial evidence presented established with a reasonable probability that the substance tested by Goldston was that purchased by Sanders. *See United States v. Brown,* 482 F.2d 1226, 1228 (8th Cir. 1973).

After careful consideration of the parties' briefs and the record on appeal, we affirm the judgments of the district court.