9 F.3d 1535
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
William DELEON, Defendant, Appellant.
 No. 93-1375.
 United States Court of Appeals,
First Circuit.
 November 10, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Marie T. Roebuck on brief for appellant.
 Edwin J. Gale, United States Attorney, Stephanie S. Browne and Gerard B. Sullivan, Assistant United States Attorneys, on brief for the United States.
 D.R.I.
 AFFIRMED.
 Before Selya, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant-appellant William DeLeon appeals his conviction on one count of using a firearm during and in relation to the commission of drug trafficking offenses.[1] See 18 U.S.C. § 924(c)(1) (1988). He posits three claims of error. None suffice.
 
 
 2
 * Appellant's challenge to the sufficiency of the evidence is unavailing. Following a guilty verdict, a reviewing court must scrutinize the record, drawing all reasonable inferences in favor of the verdict, to ascertain if a rational jury could have found that the government proved each element of the crime beyond a reasonable doubt. See United States v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993); United States v. Ortiz, 966 F.2d 707, 711 (1st Cir. 1992), cert. denied, 113 S. Ct. 1005 (1993). The government can satisfy its burden of proof by either direct or circumstantial evidence. See Echeverri, 982 F.2d at 679; United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir.), cert. denied, 492 U.S. 910 (1989). To sustain a conviction, a reviewing court need not conclude that only a guilty verdict could appropriately be reached; it is enough that the jury's determination draws its essence from a plausible reading of the record. See Echeverri, 982 F.2d at 677; Ortiz, 966 F.2d at 711. Using these guideposts, the quantum of evidence adduced here, though largely circumstantial, is adequate to the task.
 
 
 3
 In United States v. Hadfield, 918 F.2d 987 (1st Cir. 1990), cert. denied, 111 S. Ct. 2062 (1991), a section 924(c)(1) case, we made it pellucid that where a drug trafficker is not carrying a gun on his person, but has one nearby, the court's critical concern is not whether the weapon was "instantly available" or "exclusively dedicated to the narcotics trade," but whether it was "available for use" in connection with the narcotics trade. Id. at 998. See also Smith v. United States, 113 S. Ct. 2050, 2059 (1993) (explaining that a weapon meets the statutory test if its presence, rather than being accidental or coincidental, facilitates, or has the potential of facilitating, the drug trafficking offense). We think the case at hand is largely governed by Hadfield.
 
 
 4
 DeLeon was apprehended in an uninhabitable apartment that served-or so the jury supportably could have found-as a drug distribution outlet. Drugs and a handgun were thrown from the window as the police effected an entry. Appellant was the sole person discovered inside the apartment. He admitted to an INS agent, Bernstein, that he knew the pistol was kept at the premises where drugs were being sold. We think this evidence is more than ample. Applying the Hadfield standard, a rational jury could certainly find a facilitative nexus, that is, the jury could reasonably conclude that the weapon was kept in the apartment to be "available for use" during and in relation to the ongoing drug trafficking-and that appellant knew as much. See United States v. Abreu, 952 F.2d 1458, 1466 (1st Cir.) ("Even though a weapon is never fired, if it is kept nearby by a drug dealer, it is 'used' so as to satisfy the statutory requirement."), cert. denied, 112 S. Ct. 1695 (1992); United States v. Castro-Lara, 970 F.2d 976, 983 (1st Cir. 1992) (collecting cases), cert. denied, 113 S. Ct. 2935 (1993); see generally United States v. Ingraham, 832 F.2d 229, 240 (1st Cir. 1987) ("The law is not so struthious as to compel a criminal jury to ignore that which is perfectly obvious."), cert. denied, 486 U.S. 1009 (1988). The jury was also free to conclude from the collocation of circumstances that appellant constructively possessed the firearm. See, e.g., United States v. Winslow, 962 F.2d 845, 852 (9th Cir. 1992); Hadfield, 918 F.2d at 998; United States v. Malin, 908 F.2d 163, 168-69 (7th Cir.), cert. denied 498 U.S. 991 (1990). No more was exigible.[2]
 
 II
 
 5
 Appellant next complains that the prosecution failed to fulfill the requirements imposed by Brady v. Maryland, 373 U.S. 83, 87 (1963), and by the Jencks Act, 18 U.S.C. § 3500 (1988). This complaint misconstrues the constraints under which the government must operate in a criminal case.
 
 
 6
 Appellant brands three different pieces of "evidence" as improperly withheld. The first item is a supposed Bureau of Criminal Identification report. The record fails to show that any such report ever existed. The second item, never precisely described, concerns "Jose Garcia." The reference is puzzling: although the prosecutor mentioned Garcia fleetingly in cross-examining appellant, the record does not contain even a whisper of a hint of a suggestion that the government possessed any statement from, report concerning, or other concrete information anent "Jose Garcia." The government is surely not required to disclose nonexistent documents or information unknown to it. See, e.g., United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991); United States v. Glaze, 643 F.2d 549, 552 (8th Cir. 1981).
 
 
 7
 The last piece of evidence is a so-called "N.C.I.C. report." This report was, in fact, given to appellant, albeit belatedly-but appellant neglected to seek a continuance when he received the report and, what is more, he has failed to show the slightest prejudice arising from the delayed disclosure.[3] Thus, even assuming, arguendo, that the N.C.I.C. report comes within the Brady realm, the assignment of error founders. See, e.g., United States v. Devin, 918 F.2d 280, 290 (1st Cir. 1990); United States v. Ingraldi, 793 F.2d 408, 413 (1st Cir. 1986).
 
 III
 
 8
 Appellant's final claim of error relates to the district court's admission of the handgun into evidence. The centerpiece of this claim is the asseveration that the government did not satisfactorily forge the chain of custody. We have examined the record closely and are satisfied that, here, the arguable gaps in the chain of custody go to the weight of the evidence rather than to its admissibility. See, e.g., United States v. Ladd, 885 F.2d 954, 956 (1st Cir. 1989). No error inhered.
 
 IV
 
 9
 We need go no further. Our perscrutation fully persuades us that appellant's legal arguments lack merit and that, therefore, his conviction must stand.
 
 
 10
 Affirmed. See 1st Cir. Loc. R. 27.1.
 
 
 
 [1]
 Appellant was simultaneously charged with two drug trafficking counts. He pled guilty to those charges and they are not before us
 
 
 [2]
 Appellant's furtive actions-he admitted, for example, having defenestrated the narcotics inventory as trouble loomed-were frosting on the cake, so to speak
 
 
 [3]
 The N.C.I.C. report contained only a single piece of (negative) information: it indicated that the handgun was not listed as stolen property. It is hard to see how this tidbit comprised relevant evidence. See Fed. R. Evid. 402