UNITED STATES of America, Appellee,

v.

**Armand Paul VEILLEUX,
Defendant, Appellant.**

**Nos. 93–1925, 93–1926.**

United States Court of Appeals,
First Circuit.

Submitted Sept. 9, 1994.

Decided Nov. 16, 1994.

**10**

Peter M. Dempsey, on brief, for appellant.

Margaret D. McGaughey, Asst. U.S. Atty., Jay P. McCloskey, U.S. Atty., and Nicholas M. Gess, Asst. U.S. Atty., on brief, for appellee.

Before BOUDIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and YOUNG,* District Judge.

BAILEY ALDRICH, Senior Circuit Judge.

Armand P. Veilleux, whom the district court described as a one-person crime wave, waived indictment and pled guilty to a three count information charging conspiracies to possess, and to distribute, in excess of 500 grams of cocaine, and to evade the payment of income taxes. He failed to appear for sentencing, but was later apprehended while trying to enter the United States from Canada. This episode resulted in a seven count indictment that included assaulting a federal officer and the use of a firearm; making false statements, and failing to report currency importation (some $178,000) and, for good measure, failure to have appeared for the prior sentencing. To his conviction on the information there was added, in due course, convictions on all counts in the indictment. On this joint appeal defendant complains of the court's excluding his proffered excuse for non-appearance for sentencing; its admitting evidence of the testing of the firearm; and various rulings with respect to sentencing. We affirm.

### Failure to Appear

18 U.S.C. § 3146(a)(1) made it an offense for defendant knowingly to fail to appear for sentencing. His defense lay in subsection (c), "that uncontrollable circumstances prevented ... appearing." "Circumstances" fall into two categories, physical and mental, the latter best characterized as duress. There was no question here of physical prevention. Uncontrollable duress must be sufficient to produce an unavoidable fear of "serious bodily injury or death." *Cf. United States v. Amparo,* 961 F.2d 288, 291 (1st Cir.) *cert. denied sub nom. Sanchez v. United States,* —— U.S. ——, 113 S.Ct. 224, 121 L.Ed.2d 161 (1992). Defendant's excluded offer was that he had lost faith in the judicial system and that because he had refused to furnish the prosecutor with favorable testimony in another case he feared reprisal. Obviously this must have meant conduct in connection with sentencing, or sentencing procedure, not bodily injury. Even were we to assume that defendant had a well-grounded fear of what, in his opinion, would be an improper sentence, this could not justify a failure to appear. *United States v. Odufowora,* 814 F.2d 73, 74 (1st Cir.1987). This would practically put appearance for sentencing on a voluntary basis.

### Test Firing

The government apparently conceded that it had the burden of showing that defendant's firearm was operable,[1] and when, two days before trial, an expected stipulation was not forthcoming, it conducted a successful test. No report thereof was conveyed to

---

* Of the District of Massachusetts, sitting by designation.

1. The statute, 18 U.S.C. § 921(a)(3), would appear to require less. It states, "The term 'firearm' means (A) any weapon ... which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." *See also United States v. Ruiz,* 986 F.2d 905, 910 (5th Cir.), (holding that under this particular provision of the statute the government need not prove that the gun is *capable of* firing so long as

it demonstrates that it was *designed to* fire), *cert. denied sub nom. Crawford v. United States,* —— U.S.——, 114 S.Ct. 145, 126 L.Ed.2d 107 (1993); *United States v. Martinez,* 912 F.2d 419, 420–21 (10th Cir.1990); *United States v. Buggs,* 904 F.2d 1070, 1075 (7th Cir.1990) (same); *United States v. York,* 830 F.2d 885, 891 (8th Cir.1987) (same), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988). *Compare Commonwealth v. Sampson,* 383 Mass. 750, 759, 422 N.E.2d 450, 454–55 (1981) (emphasizing capability).

defendant. He claimed that, where general discovery had been sought, Fed.R.Crim.P. 16(a)(1)(D) required disclosure of even an oral report. Accordingly he sought the sanction of exclusion, and now appeals from the court's refusal.

Defendant argues that although we have never decided the matter of oral reports, certain dictum in *United States v. Tejada,* 886 F.2d 483, 486 (1st Cir.1989), indicates that we would lean in that direction. We need not, however, reach that question. The court properly found that defense counsel's knowledge as displayed in cross-examining, and his failure to ask for a continuance or to offer any suggestion of prejudice, showed that no prejudice was suffered. Even if the burden be thought to be on the government we find no abuse of discretion in admitting the evidence. *United States v. Shue,* 766 F.2d 1122, 1135 (7th Cir.1985); *United States v. Glaze,* 643 F.2d 549, 552 (8th Cir.1981).

### Sentencing

The number and variety of the charges against defendant are demonstrated by the government's extensive brief devoted to sentencing analysis. Defendant was represented by two, to all appearances competent, attorneys, who participated throughout. There was a lobby conference on sentencing, followed by a hearing the next day to resolve the issues that had not been agreed to. At that time individual computations and a cumulative sentence were reached. No objections were voiced. The appeal would raise three matters: that the court failed to consider the evidence in finding that defendant had the ability to pay the fine imposed; that it erred in finding defendant used sophisticated means to impede discovery of liability for taxes (U.S.S.G. § 2T1.1(b)(2)); and that the evidence did not warrant a finding that defendant had received in excess of $10,000 from illegal activity. U.S.S.G. § 2T1.1(b)(1).

Objections raised at the lobby conference did not carry over to the hearing, but merely defined what was there to be further considered. The fact that neither counsel voiced objection to the final rulings, and thus saved rights, is obvious. *United States v. Haggert,* 980 F.2d 8, 10–11 (1st Cir.1992).

The failure is ignored, or blithely sought to be answered by a simple assertion of "plain error." This invites an equally abrupt response: Not so fast. Plain error carries a heavy burden. *United States v. Concemi,* 957 F.2d 942, 945 (1st Cir.1992); *United States v. Rosa,* 705 F.2d 1375, 1381 (1st Cir.1983). Defendant did not begin to meet it.

*Affirmed.*