**UNITED STATES of America,**

v.

**Cyril Gordon LUNN, Defendant.**

**Crim. No. 1:04–mj–51.**

United States District Court,
D. Maine.

Oct. 26, 2007.

26 U.S.C. § 7201 for each year. *Indictment* ¶ 9. Virtually none of the factors that motivat-

Charles E. Gilbert, III, Gilbert & Greif, P.A., Bangor, ME, for Defendant.

James L. McCarthy, Office of the U.S. Attorney District of Maine, Bangor, ME, for United States of America.

## ORDER GRANTING MOTION FOR FORFEITURE OF SECURED APPEARANCE BOND

JOHN A. WOODCOCK, Jr., District Judge.

Cyril Gordon Lunn has not been seen or heard from for over two years and the Government has moved to forfeit his $20,000.00 cash bail. The Court grants the Government's motion and orders the cash bail forfeited, since Mr. Lunn's failure to appear constitutes a violation of the conditions of his bail bond.

## I. STATEMENT OF FACTS

On October 7, 2004, Cyril Gordon Lunn was arrested and charged by complaint with making false statements to the Unit-

ed the dismissals in *Stein* is present here.

ed States Department of Homeland Security in violation of 18 U.S.C. § 1001. *Compl.* (Docket # 4). After his initial appearance on October 7, 2004, the Government moved for detention and on October 13, 2004, bond was set at $20,000.00 cash with conditions. *Government Mot. for Detention* (Docket # 6); *Order Setting Conditions of Release* (Docket # 9). Mr. Lunn made the cash bond the same day. *Cash Bond* (Docket # 12). On March 30, 2005, the Government moved both to revoke the Order of Release and for an arrest warrant, alleging that Mr. Lunn had violated a number of the release conditions. *Ex–Parte Mot. for Revocation of Order of Release and Issuance of a Warrant for Arrest and Br. in Supp.* (Docket # 20). The Government's motion for an arrest warrant was granted the same day. *Order* (Docket # 21).

On April 1, 2005, the Government moved for a hearing for the Defendant to show cause as to why he should not be held in contempt. *Motion for Hr'g for Def. to Show Cause Why Def. Should Not be Held in Contempt for Violation of Order of Release* (Docket # 23). Mr. Lunn's counsel responded by reporting that Mr. Lunn's "medical condition has recently deteriorated, and out of desperation, Defendant has gone AWOL in a desperate attempt to get medical help." *Def.'s Resp. to Government's Mot. to Show Cause* at 1 (Docket # 24). He asked for a "reasonable opportunity to negotiate his return and appearance before the appropriate authorities." *Id.* at 2. No further action was taken on this motion and it remains pending.

On April 12, 2007, the Government moved to forfeit Mr. Lunn's bail. *Mot. for Forfeiture of Secured Appearance Bond* (Docket # 25). Defense counsel respond-

ed by acknowledging that "the Defendant is currently in a location (assuming he is alive) where he is out of touch with his counsel." *Def.'s Mem. of Law Regarding Forfeiture of Bail* at 1 (Docket # 27) *(Def.'s Mem. of Law)*. Defense counsel also raised a question as to whether the United States Bankruptcy Trustee for the District of Massachusetts had an interest in the cash bond. *Id.* at 1–2. Finally, he urged the Court to wait, since Mr. Lunn's failure to appear could be related to his medical problems. *Id.* at 2.

The Court ordered the Government to respond to whether the United States Bankruptcy Trustee "is aware of this proceeding, and if not, whether there is a need to notify the Bankruptcy Court of the pending motion." *Order* (Docket # 29). On May 7, 2007, the Government confirmed that it had notified the Trustee, that the Trustee was asserting an interest in the property, and that he would take whatever action he deems appropriate to secure his interest. *Government's Reply to Ct. Order on Limited Issue Regarding Government's Mot. for Forfeiture of Secured Appearance Bond* (Docket # 30). On May 8, 2007, the Court ordered the Government to provide the Bankruptcy Trustee with Form 8300 and continued the matter to a date after July 1, 2007. *Order* (Docket # 31). A conference was held on July 17, 2007 with only the Government's attorney present.[1]

At the conference, the Court explored the rights, if any, of the Bankruptcy Trustee. Mr. Lunn had filed under Chapter 7 for bankruptcy in the United States Bankruptcy Court for the District of Massachusetts. On May 16, 2007, the attorney for the Trustee in Bankruptcy filed a motion

---

1. Mr. Lunn's counsel had obtained permission to stand on his written permission and not attend the conference. *See Def.'s Mot. of* *Counsel to be Excused from Bail Forfeiture Hr'g* (Docket # 28); *Order* (Docket # 29).

in the Bankruptcy Court in Massachusetts requesting an order for the turnover of the secured appearance bond in this Court on the theory that the bail funds represented assets of the bankrupt estate payable to the estate's creditors. *Mot. for Order Providing for the Turnover of Secured Appearance Bond (Bail) Funds Provided by the Debtor in Connection with Criminal Prosecution in Maine, In re Cyril Gordon Lunn,* Chapter 7, No. 01–46312–HJB (Bankr.Mass. May 18, 2007) *(Mot. for Turnover Order).* However, on September 18, 2007, the Bankruptcy Trustee filed a withdrawal of his turnover motion both with the Bankruptcy Court and with this Court.[2] *Withdrawal of Chapter 7 Trustee's Mot. for the Turnover of Secured Appearance Bond (Bail) Funds Provided by the Debtor in Connection with Criminal Prosecution in Maine* (Docket # 38).

## II. DISCUSSION

With the Bankruptcy Trustee's withdrawal of his claim against the bond, the Government's motion is fully in order. Mr. Lunn's counsel has made a valiant attempt on his client's behalf, but he presents only one ground-other than the now-resolved question of the Bankruptcy Trustee's claim—to avoid forfeiture of the bond: Mr. Lunn's absence may be related to his health. Counsel explains that Mr. Lunn had a "number of medical needs," including a "serious heart ailment." *Def.'s Mem. of Law* at 1 (Docket # 27). He argues that a delay in forfeiture would

cause no prejudice to the Government. *Id.* at 2.

The Court disagrees. It has been nearly three years since Mr. Lunn was released on cash bail. In the interim, his personal finances have been subject to a bankruptcy proceeding and his attorney in this matter acknowledges not only that Mr. Lunn is "out of touch with his counsel," but also that he is not even sure if Mr. Lunn is alive. *Id.* at 1. In these circumstances, there is no reason to wait. The prejudice to the Government is straightforward: it is the prejudice that is inherent in being forced to wait to receive one's rightful asset. In this case, the Government has been prevented from paying the money over to the Crime Victims Fund for its salutary purposes.

The Court file reflects that on October 13, 2004, Mr. Lunn executed a bond in the amount of $20,000.00 as a condition of his release from custody. *Cash Bond.* The Defendant made the following acknowledgement:

> I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

*Order Setting Conditions of Release* at 3 (Docket # 9).

2. Attached to the Withdrawal is a copy of a pleading entitled "Response by Chapter 7 Trustee of Defendant Cyril Gordon Lunn to Motion by United States of America for Forfeiture of Secured Appearance Bond" dated May 8, 2007, and electronically signed by Attorney Roumeliotis on behalf of the bankruptcy trustee. In this Response, the Trustee requested a continuance of one to two months to allow further investigation as to whether the Trustee had a proper claim against the

cash bail. Although the Response is accurately captioned and dated, it was not filed with this Court until it was received as a paper attachment to the Withdrawal. Mr. Roumeliotis believes the Response was filed with this Court; he says as much in his May 18, 2007 motion filed in Massachusetts Bankruptcy Court. *Mot. for Turnover Order.* It is curious that the Response was not filed in May, but the issue is of no consequence, since the relief requested was granted.

Under Rule 46(f), a court "must declare the bail forfeited if a condition of the bond is breached." Fed.R.Crim.P. 46(f)(1). Rule 46 is consistent with 18 U.S.C. § 3146, which provides for a declaration of forfeiture if "a person fails to appear before a court as required, and the person executed an appearance bond ... or is subject to the release condition set forth [by statute]." 18 U.S.C. § 3146(d). This statute gives the court the authority to "declare any property ... forfeited to the United States." *Id.* Here, Mr. Lunn has failed to appear as directed and as this failure constitutes a breach of the bond, the cash bail is properly subject to forfeiture.[3] *See United States v. Veilleux,* 40 F.3d 9, 10 (1st Cir.1994). Under 42 U.S.C. § 10601(b), "the proceeds of forfeited appearance bonds [and] bail bonds" are to be paid into the Crime Victims Fund, a Fund maintained by the Department of the Treasury for statutorily defined purposes. *See* 42 U.S.C. § 10601(b)(3).

## III. CONCLUSION

The Court GRANTS the Government's Motion for Forfeiture of Secured Appearance Bond (Docket # 25) and it hereby DECLARES FORFEITED the Defendant's cash bail in the amount of $20,000.00.[4]

SO ORDERED.

---

**3.** In *United States v. Eisner,* the Sixth Circuit described a two-step process for bail forfeiture: "first, a declaration of forfeiture" and then, when the forfeiture has not been set aside, the entry of a default judgment. 323 F.2d 38, 41 (6th Cir.1963). But *Eisner* involved an appeal bond and the surety was a bonding company. When his conviction was affirmed, the defendant failed to appear for service of his sentence. The Government moved for his arrest and for forfeiture of his bond the same day. The defendant initially claimed that he had been allowed additional time to perfect his petition for writ of certiorari and asked that the bond not be forfeited. In those circumstances, the Sixth Circuit emphasized the separate steps necessary for for-

feiture: first, its determination, and then, the entry of judgment of default. Here, there is no sign that the Defendant has any legitimate defense against the forfeiture of his bail bond. He has been missing for over two years and his lawyer does not know where he is. In these circumstances, to delay the entry of judgment in order to allow the defendant to plead that justice does not allow the forfeiture seems unduly technical.

**4.** The Court also dismisses as moot the Government's Motion for Hearing for Defendant to Show Cause Why Defendant Should Not be Held in Contempt for Violation of Order of Release (Docket # 23).