**UNITED STATES of America**

v.

**James MATTERO.**

**No. 2:09–cr–00100–JAW.**

United States District Court,
D. Maine.

Nov. 22, 2010.

David B. Joyce, Michael J. Conley, U.S. Attorney's Office, Portland, ME, for United States of America.

Neale A. Duffett, Cloutier, Conley & Duffett, P.A., Portland, ME, Andrews B. Campbell, Campbell Law Offices, Bowdoinham, ME, for James Mattero.

## ORDER ON MOTION TO RECONSIDER BAIL FORFEITURE

JOHN A. WOODCOCK, JR., Chief Judge.

After an Order forfeiting the Defendant's bail, the Defendant, now returned to custody, moves to set aside the Order pursuant to Federal Rule of Criminal Procedure 46(f)(2)(B). Applying the First Circuit's four factor test for a motion to set aside a bail forfeiture, the Court reconsiders the Government's motion to forfeit bail and grants the Government's motion.

## I. FACTS

James Mattero was indicted on June 24, 2009, for "knowingly and intentionally conspir[ing] with others . . . to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). *Indictment* at 1 (Docket # 3). An arrest warrant was issued the same day, (Docket # 7), and he was arrested on June 26, 2010.

On July 15, 2009, the Court issued an Order Setting Conditions of Release. *Order Setting Conditions of Release* (Docket # 24) (*Bail Order*). The Bail Order placed Mr. Mattero in the custody of his brother, Anthony Mattero, and included the additional restrictions that Mr. Mattero "not leave [the] States of Maine, New Hampshire, or Massachusetts," abide by a 9 p.m.—5 a.m. curfew, and participate in an electronic location monitoring program. *Id.* at 2. As a condition of release, the Court ordered Mr. Mattero to execute an Appearance Bond in the amount of $60,000. *Id.* at 1. The Bail Order provided that, by execution of the appearance bond, Mr. Mattero was bound to pay the bond amount to the United States "in the event of a failure to appear as required or surrender to serve any sentence imposed." *Id.* Mr. Mattero signed the Bail Order, affirming that:

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey

all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

*Id.* at 3 (signed and dated "James Mattero 7/15/09" in the City and State of "Portland, ME"). On the same day he signed the Bail Order, Mr. Mattero executed an Appearance of Bond, which stated in part:

I, the undersigned defendant, acknowledge that I am bound to pay to the United States of America the sum of $ *60,000.00* in the event that I do not appear as required by the Court in this case.

*Appearance of Bond* at 1 (Docket # 25) (signed "James Mattero" and dated "July 15, 2009").

Mr. Mattero confirmed that he wished to enter a plea of guilty and a Rule 11 hearing was scheduled for January 6, 2010, and rescheduled for February 19, 2010. Notice of Rescheduled Hearing (Docket # 55). Mr. Mattero failed to return to his custodian-brother's residence on February 15, 2010, and similarly failed to appear at the February 19th hearing. *Motion to Forfeit Bail* at 1–2 (Docket # 66). Pursuant to Rule 46(f)(1) of the Federal Rules of Criminal Procedure, the Government moved for forfeiture of the appearance bond. *Id.* Mr. Mattero did not respond to the Government's motion, and the Court ordered forfeiture on March 26, 2010. *Order on Motion to Forfeit Bail* (Docket # 67).

An arrest warrant was issued for Mr. Mattero on April 28, 2010, *Arrest Warrant*

(Docket # 75), and Mr. Mattero was arrested on June 8, 2010, in Panama City, Florida.[1] On September 9, 2010, Mr. Mattero moved the Court to reconsider and set aside the bail forfeiture Order and to allow him to respond to the Government's forfeiture motion. *Defense Mot. to Reconsider and Set Aside the Bail Forfeiture Order, and to Allow Def. to File a Resp. to the Gov't's Mot. to Forfeit Bail* (Docket # 107). The Court granted his motion, and Mr. Mattero filed his objection to the Government's motion on September 30, 2010. *Order Granting Mot. for Reconsideration* (Docket # 108); *Defense Resp. to Gov't's Mot. to Forfeit Bail* (Docket # 113) (*Def.'s Resp.*).

## II. DISCUSSION

Given the Court's previous ruling on the Government's motion and the nature of Mr. Mattero's opposition, the Court analyzes Mr. Mattero's opposition within the framework of a motion to set aside a bail forfeiture. Federal Rule of Criminal Procedure 46(f)(2)(B) allows a bail forfeiture to be set aside "in whole or in part" if "it appears that justice does not require bail forfeiture." FED.R.CRIM.P. 46. The Court has considered the Government's motion and Mr. Mattero's opposition in light of the four-factors adopted by the First Circuit in *United States v. Donlon:* [2]

(1) the willfulness of the defendant's breach of conditions;

(2) the participation of the sureties in apprehending the defendant;

---

**1.** Mr. Mattero is currently scheduled for a change of plea hearing on November 29, 2010. *Notice of Hearing* (Docket # 118).

**2.** This list of factors is probably not exclusive. *Donlon,* 909 F.2d at 657 (stating that "factors in determining whether forfeiture of bail should be set aside *include* (the four fac-

tors)"). Nationally, courts have considered a multitude of factors. *See* 9B Fed. Proc., Law. Edition § 22:1913 (discussing the factors considered in setting aside a bail forfeiture). Here, Mr. Mattero's bases for contending the Order should be reconsidered and set aside fit within the four factors in *Donlon.*

(3) the cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach; and

(4) any explanation or mitigating facts.

909 F.2d 650, 657 (1st Cir.1990) (quoting *United States v. Castaldo,* 667 F.2d 20, 21 (9th Cir.1981)).

Mr. Mattero presents five reasons to set aside the bail forfeiture, which collectively fall within the second and fourth *Donlon* factors. Turning to the second factor, Mr. Mattero asserts that his brother "posted the cash bail ... and yet promptly reported possible bail violations by the Defendant to the Probation Officer in February 2010." *Def.'s Resp.* at 2. Turning to the fourth factor—any explanation or mitigating considerations—Mr. Mattero asserts that he: (1) has no prior criminal history; (2) has no prior experience with the criminal justice system; (3) is presently in custody; and (4) has serious, long-term health problems including pancreatitis and precancerous dysplasia in his throat. *Id.* at 1. Mr. Mattero urges the Court to consider "the totality of the circumstances." *Id.* at 2. In so doing, and consistent with *Donlon,* the Court further notes the willfulness of Mr. Mattero's flight and the cost and inconvenience incurred by the Government.

The Court finds particularly unavailing Mr. Mattero's claimed inexperience and ignorance of the criminal justice system. The conditions of bail were twice presented to Mr. Mattero—in the Order of bail and the Appearance Bond. The terms were clear and unequivocal, and Mr. Mattero's signatures acknowledged his understanding of and agreement to the conditions. Mr. Mattero's unfamiliarity with the criminal courts does not excuse his asserted inability to understand the terms of documents he signed.

As regards Mr. Mattero's health problems, Mr. Mattero fails to explain how the mere presence of his "diagnosed pancreatitis and a severe pre-cancerous dysplasia" justifies his non-appearance.[3] Mr. Mattero makes no claim that his flight was connected to his medical condition; he did not go to Florida for treatment but to escape. Furthermore, Mr. Mattero was not so ill, he could not flee. Mr. Mattero's health problems amount only to a convenient and fortuitous excuse for his absence. They do not justify it.

The First Circuit's decision in *Donlon* guides the Court's consideration of Mr. Mattero's eventual capture. In *Donlon,* a defendant argued that a probation officer's failure to jail the defendant for violating a "no drug" condition, which would have prevented his later flight, amounted to a mitigating factor. *Donlon,* 909 F.2d at 657. Rejecting this argument, the First Circuit observed that the defendant's return was not of his own accord, and that even when located by the U.S. Marshals, he ran and the Marshals gave chase. *Id.* As in *Donlon,* Mr. Mattero's return to custody is overshadowed by the manner of his capture; Mr. Mattero was taken into custody not because of his change of heart, but only after a successful search and his eventual arrest in Florida. *See id.* Mr. Mattero's return was no more voluntary than Mr. Donlon's, and the Court firmly rejects Mr. Mattero's attempt to benefit from the diligence of the United States Marshal.

Turning to the involvement of the surety in Mr. Mattero's apprehension, the Court finds admirable Mr. Mattero's brother's

---

**3.** The Court views Mr. Mattero's poor health as a potentially mitigating consideration under the fourth *Donlon* factor. Other courts regard a defendant's health as a separate consideration. *See, e.g., United States v. Parr,* 594 F.2d 440, 442 (5th Cir.1979) (the defendant's death after his nonappearance was not a defense in a proceeding on the forfeiture). This Court's analysis would be the same in either case.

initiative in alerting the Probation Office about Mr. Mattero's bail violations, and although the Court is sympathetic to the burden the forfeiture has on the surety, bail conditions would be of little value if the forfeiture amount were not high enough to motivate a defendant's compliance or if willful bail violations were routinely forgiven. It is the prospect of judicial enforcement of the bail conditions and the resultant financial harm to the surety that remain strong incentives to keep defendants in compliance. Moreover, in *Donlon,* as here, the First Circuit noted "that government officials, not [Mr. Donlon's] brother (the surety) found him". This is not a case where Anthony Mattero alerted the Probation Officer to Mr. Mattero's whereabouts or actively assisted in locating him. Finally, although the cost of tracking Mr. Mattero down and capturing him is not known, it is a matter of record that Mr. Mattero was apprehended in the state of Florida, judicially processed there, and ultimately returned to the state of Maine. The Court concludes that the Government was required to incur additional expense to locate, re-arrest, process, and re-transport Mr. Mattero. *See Donlon,* 909 F.2d at 657 (noting that the Government suffered "considerable expense to capture" the defendant).

The Court perceives no "legitimate defense against the forfeiture of [his] bail bond." *See United States v. Lunn,* 519 F.Supp.2d 145, 148 (D.Me.2007).

## III. CONCLUSION

The Court GRANTS the United States' Motion for Forfeiture of Bail (Docket # 66).

SO ORDERED.